RENO LODGE NO. 99, I. O. O. F., OF HUTCHINSON, *et al.,* v. THE GRAND LODGE OF THE I. O. O. F. OF THE STATE OF KANSAS *et al.*

1. BENEVOLENT SOCIETY — *Binding Force of Rules.* Persons voluntarily becoming members of a fraternal and benevolent society are bound by all reasonable rules and regulations of the society.

2. CONTROL BY COURTS — *Lawful Purposes.* Courts will not undertake to direct or control the internal policy of such societies, nor to decide questions relating to the discipline of its members, but will leave the society free to carry out any lawful purposes in its own way, and in accordance with its own rules and regulations.

3. RAISING FUNDS — *Method and Amount.* The method of raising funds to carry out one of the benevolent purposes for which the association was established and the amount to be so raised is ordinarily a matter of policy which the association has power to determine.

4. ORPHANS, *Odd Fellows' Home for — Assessments — Injunction.* The plaintiffs are subordinate lodges of the Independent Order of Odd Fellows in Kansas. The defendants are the grand lodge of the order in Kansas, and its principal officers. All the parties recognize the sovereign grand lodge of the United States as having full legislative and judicial power in determining matters relating to the order, and an appeal lies from a decision of the grand lodge of the state of Kansas to the sovereign grand lodge. In October, 1893, the grand lodge of the state of Kansas levied an assessment of $1.50 per capita on all the subordinate lodges in Kansas for the purpose of aiding in establishing a home for the maintenance and education of the orphans of deceased Odd Fellows of Kansas on lands conveyed by E. V.

de Boissiere to trustees in trust for the maintenance of such a home. Plaintiffs seek to enjoin the collection of this assessment. No appeal appears to have been taken to the sovereign grand lodge. The district court refused an injunction. *Held*, Not error.

## *Error from Shawnee District Court.*

THIS action was instituted in the district court of Shawnee county, in the name of Reno lodge No. 99, I. O. O. F., of Hutchinson, and 91 other lodges of Odd Fellows, against the grand lodge of the Independent Order of Odd Fellows of the state of Kansas, J. A. Campbell, grand master, John A. Bright, grand secretary, and Louis C. Stine, grand treasurer. The petition says that the grand lodge was chartered on the 10th day of March, 1858, by an act of the legislature of the territory of Kansas, and is now a duly organized and existing corporation. It is averred

"That the said defendant grand lodge of Kansas derived its sole power and authority from the sovereign grand lodge I. O. O. F. of the United States, and the constitution, laws and resolutions of the corporation; that the said defendant corporation has the supreme legislative, executive and judicial authority within the state of Kansas, under the constitution, laws and resolutions of said sovereign grand lodge."

The other defendants named are the general officers of the grand lodge of the state. It is further alleged:

"That the plaintiffs hereinbefore mentioned, and each of them, are duly authorized, chartered and instituted subordinate lodges of the Independent Order of Odd Fellows of the state of Kansas, working under the jurisdiction of the defendant the grand lodge I. O. O. F. of Kansas, and that each of them are duly incorporated and existing as such corporations under the laws of Kansas; that as such subordinate lodges these plaintiffs are subject to the laws, regulations, rules and resolutions of the grand lodge of Kansas, and to the supervision and direction of the grand master of said defendant grand lodge."

It appears from the pleadings and evidence that on the 11th day of May, 1892, E. V. de Boissiere conveyed to Louis C. Stine, George A. Huron, Milo B. Ward, George W.

Jones, and Charles L. Robbins, and their successors, 3,156 acres of land in Franklin county, and a large amount of personal property, in trust, to provide a home on the lands conveyed for the orphaned children of deceased Odd Fellows of the state of Kansas. This conveyance was made with the understanding that the Odd Fellows should assume and pay an indebtedness of about $17,500. At the session of the grand lodge held in Fort Scott, in the fall of 1892, the grand lodge accepted the gift, and undertook to raise money to pay off the indebtedness and make needed improvements. For this purpose they called on the various lodges in the state for voluntary contributions. In response to this call about $12,500 was received. Some lodges, however, failed to respond, and from others individual contributions only were forwarded. At the session of the grand lodge held in Topeka, in October, 1893, a per capita tax of $1 on the membership of the subordinate lodges in the state was levied to pay off the indebtedness on this property, and a further per capita tax of 50 cents was levied to maintain and equip the orphans' home. The lodges which had made voluntary contributions were to receive credit on their assessments for the amounts already paid.

The petition alleges that this assessment was made without lawful authority by the grand lodge of the state; that the grand lodge has no control over the property conveyed by de Boissiere; that the assessment discriminates against the plaintiffs and other subordinate lodges; that it is without authority and against the laws of the sovereign grand lodge, and not in accordance with the objects and purposes of the order; that the funds sought to be raised by this tax are proposed to be paid over to an independent corporation which has been organized for the purpose of managing the property, not under the jurisdiction or control of the grand lodge of Kansas; that the defendant Campbell, as grand master, threatens to collect said tax by every means in his power, by refusing to communicate through the deputy grand masters the semiannual or annual passwords, and by refusing to al-

low installation of elective officers, and by threats of suspension if payment is not made. The petition concludes with a prayer for an injunction restraining the defendants from collecting the tax, and asks that the grand master be compelled to transmit the passwords and install officers. The answer is long, and alleges many things with reference to the right of the respective lodges to appear as plaintiffs in the suit, and sets forth certain proceedings of the state and sovereign grand lodges, which it is not necessary to recite at length. Afterwards, on motion of the plaintiffs, the case was dismissed as to a considerable number of the plaintiff lodges, and went to trial between the remaining parties. The court refused to grant the plaintiffs any relief, and entered judgment in favor of the defendants for costs. The plaintiffs bring the case to this court.

*George W. Wright, R. A. Campbell, J. Jay Buck,* and *D. W. Kent,* for plaintiffs in error:

The plaintiffs have each an interest, identical, in resisting the payment of a tax of $1.50 per capita on their membership. *Gilmore v. Norton,* 10 Kas. 502; *March v. Eastern Rld. Co.,* 40 N. H. 548, 77 Am. Dec. 737; *Hudson v. Comm'rs of Atchison Co.,* 12 Kas. 147; *Center Twp. v. Hunt,* 16 id. 440; *Palmer v. Waddell,* 22 id. 358.

The petition for membership provides:

"And that I will seek my remedy for all rights on account of said membership or connection therewith in the tribunals of the order only, without resorting for their enforcement in any event for any purpose to the civil courts."

If this is construed to prevent a resort to the courts in such an action as this, such a contract would be without consideration, and void as against public policy.

*Maxwell v. Reed,* 7 Wis. 582; *Bauer v. Samson Lodge,* 102 Ind. 262; *Shapley v. Abbott,* 42 N. Y. 451, 1 Am. Rep. 548; *Maloney v. Newton,* 85 Ind. 566, 44 Am. Rep. 46; *Phelps v. Phelps,* 72 Ill. 549, 22 Am. Rep. 149; *Denny v. White,* 2

Coldw. 283, 88 Am. Dec. 596; *Moxley v. Ragan*, 10 Bush, 156, 19 Am. Rep. 61; *Levicks v. Walker*, 15 La. Ann. 245, 77 Am. Dec. 187; *Carter v. Carter*, 20 Fla. 558, 51 Am. Rep. 618; *Recht v. Kelly*, 82 Ill. 147, 25 Am. Rep. 301; *Shelly's Appeal*, 36 Pa. St. 380; *Curtis v. O'Brien*, 20 Iowa, 376, 89 Am. Dec. 543; *Pearl v. Harris*, 121 Mass. 390; *Kneettle v. Newcomb*, 22 N. Y. 249, 78 Am. Dec. 186; *Eltzroth v. Webster*, 15 Ind. 21, 77 Am. Dec. 78; *Gray v. Wilson*, 4 Watts, 39; *Hart v. Lauman*, 29 Barb. 410; *Haggart v. Morgan*, 5 N. Y. 422, 55 Am. Dec. 350; *Muldrow v. Norris*, 2 Cal. 74, 56 Am. Dec. 313; *Fahs v. Darling*, 82 Ill. 142; *Wood v. Humphrey*, 114 Mass. 185; *Vass v. Wales*, 129 id. 38; *White v. Middlesex Rld. Co.*, 135 id. 216; *Hill v. More*, 40 Me. 515; *Hurst v. Litchfield*, 39 N. Y. 377; *McGunn v. Hanlin*, 29 Mich. 476; *March v. Eastern Rld. Co.*, 40 N. H. 548, 77 Am. Dec. 732; *Smith v. B. C. & M. Rld. Co.*, 36 N. H. 487; *Home Ins. Co. v. Morse*, 87 U. S. (20 Wall.) 545, 22 L. ed. 365; *Hobbs v. Manhattan Ins. Co.*, 56 Me. 417, 96 Am. Dec. 472; *B. & O. Rld. Co. v. Cary*, 28 Ohio St. 208; *King v. Howard*, 27 Mo. 21; *St. Louis v. Gas Light Co.*, 70 Mo. 69; *Greason v. Keteltas*, 17 N. Y. 491; *Chamberlain v. Conn. Cent. Rld. Co.*, 54 Conn. 472; *Dugan v. Thomas*, 79 Me. 221.

The courts draw a distinction between incorporated and unincorporated societies, holding that incorporated societies may resort to the civil courts, but that unincorporated societies may not always have such recourse. This holding is not, however, universal. *Hiss v. Bartlett*, 3 Gray, 468, 63 Am. Dec. 776, notes; *Bauer v. Samson Lodge*, 102 Ind. 262; *Supreme Council v. Garrigus*, 104 Ind. 133, 54 Am. Rep. 298.

Every citizen is entitled to resort to all the courts of the country, and to invoke the protection which all the laws or all the courts may afford him. A man may not barter away his life or his freedom or his substantial rights. Agreements in advance to oust the courts of the jurisdiction conferred by law are illegal and void. *Home Ins. Co. v. Morse*, supra; *Nute v. Hamilton Mut. Ins. Co.*, 6 Gray, 174; *Hobbs v. Man-*

*hattan Ins. Co.*, 56 Me. 421, 96 Am. Rep. 472; *Stephenson v. F. & M. Ins. Co.*, 54 Me. 70; *Mentz v. Armenia F. Ins. Co.*, 79 Pa. St. 478, 21 Am. Rep. 80; *Scott v. Avery*, 5 H. L. Cas. 811.

The courts will interfere for the purpose of protecting property rights of members of unincorporated associations, and, when they do interfere, it may be stated with safety that the rules which the courts will follow are essentially the same as those which guide the courts when dealing with formally incorporated bodies of the same kind. Hirschl, Frat. & Soc., § 4711.

The benefits of the order are not a charity. They become a matter of insurance, and one party (the grand lodge) may not arbitrarily destroy the contractual relations to avoid the terms of the contract. *Otto v. Protective Union*, 74 Cal. 308; *Chase v. Cheney*, 58 Ill. 509, 11 Am. Rep. 95; Hirschl, Frat. & Soc., p. 47; *Beaumont v. Meredith*, 3 Ves. & B. 180; *Penfield v. Skinner*, 11 Vt. 296.

*Bertram & Nicholson*, and *J. G. Wood*, for defendants in error:

The order of Odd Fellows has provided tribunals within itself in which all the disputes and controversies may be adjusted and settled by appropriate steps and remedies, and the controversy here is one that should be first settled by the tribunals of the order.

This controversy is one that falls within the rule of matters pertaining to the affairs of the order, and the law is that the parties aggrieved must first exhaust all the remedies provided by the order for the redress of grievances.

Niblack, Mut. Ben. Soc., §§ 79, 130, 131, 141; *Bauer v. Samson Lodge*, 102 Ind. 262; *Osceola Tribe v. Schmidt*, 57 Md. 98; *Anacosta Tribe v. Murbach*, 13 id. 91, 71 Am. Dec. 625; *Otto v. Protective Union*, 75 Cal. 308; Bacon, Ben. Soc., § 94, *et seq.*

The opinion of the court was delivered by

ALLEN, J.: The conclusion we have reached in this case renders it unnecessary to cover so extensive a field of inquiry as has been gone over in the briefs and on the oral argument.

The right of the plaintiffs to jointly maintain this action is challenged, and justified by the plaintiffs on the ground that it is an action to enjoin the collection of a tax. We do not think that this is a tax within § 253 of the code of civil procedure. Neither the grand lodge of the state nor its officers claim any power to enforce payment of the tax by any of the means provided by law for the collection of taxes. The assessment of the contribution derives its only force from the regulations of the Odd Fellows' organization.

1. Benevolent society— binding force of rules. The only penalties for nonpayment are such as the grand lodge and its officers may inflict as a matter of discipline within the order. While the joinder of the plaintiffs is not warranted by the section of the statute referred to, it may be, however, that such of the plaintiffs as are incorporated under the laws of the state, and the individual members of the lodges not so incorporated, might join in this action as one of common interest affecting a great number of persons.

A more serious obstacle in the way of the maintenance of this action by the plaintiffs is presented by the character of the acts it seeks to enjoin. The main contention within the lodge has been as to the right of the state grand lodge, under the constitution and laws of the order, as established and declared by the sovereign grand lodge, to raise funds by assessments on subordinate lodges for the purpose for which the assessment under consideration was made. The plaintiffs contend, first, that the state grand lodge has no power to levy tax on subordinate lodges for the purpose of establishing or maintaining an orphans' home; second, that the property was given by Mr. de Boissiere to trustees, not subject to the control of the state grand lodge, and that the state grand

lodge, having neither title to nor control over the land on which the home is to be established, could not levy a tax to be used in connection therewith, even if it had the general right to establish and maintain orphans' homes by assessments on its members.

It is conceded by the parties that an appeal lies from the decision of the grand lodge of the state to the sovereign grand lodge of the United States. It is also conceded that the sovereign grand lodge has full and unrestrained legislative power as to all matters relating to the purposes of the order, and that all subordinate lodges and their members are bound by its actions. No appeal is shown to have been taken by plaintiffs from the action of the grand lodge of Kansas to the sovereign grand lodge, but they seek to have this court decide what the rights of the parties are, under the constitution, by-laws, rules and regulations established by the sovereign grand lodge for the government of the order.

That all benevolent and fraternal organizations are subject to the laws of the state and the jurisdiction of the courts in proper cases there can be no doubt, nor will the courts hesitate, where property rights are involved, to entertain jurisdiction and afford relief. (*Bauer v. Samson Lodge*, 1 N. E. Rep. 571; *Genest v. L'Union St. Joseph*, 141 Mass. 417; *Torrey v. Baker*, 1 Allen, 120; *Austin v. Searing*, 69 Am. Dec. 665, and note; *Dolan v. Court Good Samaritan*, 128 Mass. 437; *Goodman v. Jedidjah Lodge*, 67 Md. 117.) But in granting relief the courts take into consideration the objects and purposes of the organization, and the modes provided by the charter, constitution and by-laws of the society for determining the rights of the members. Where the question involved is one of policy or discipline, courts will

3. Raising funds —method and amount.

not ordinarily interfere, but will leave all such questions to be settled in the manner pointed out by the regulations of the order. Such societies are formed by the purely voluntary association of individuals for the accomplishment of such objects as they have mutually agreed

on. The selection of the purposes for which the
association is established, and the determination
of the means by which those purposes shall be
accomplished, are peculiarly matters to be decided by the association alone.

*2. Control by courts—lawful purposes.*

In this case the question is, whether the grand lodge of the state of Kansas shall undertake to provide for the maintenance and education of the orphans of deceased members, by making use of the property conveyed in trust by de Boissiere. It is conceded that the care of the orphans of deceased members is one of the fundamental objects of the order. The mode in which that purpose shall be accomplished is one which the Odd Fellows' organization alone can determine. No power rests anywhere to compel action, nor is there any law to prohibit it. The grand lodge has determined to carry out this purpose by making use of this trust property, and levying an assessment on the members of the order within the state for the purposes of paying off the indebtedness and making needed improvements. The right to do so is challenged, not because in violation of any law of the state, but because it is claimed to be in violation of the laws and regulations of the sovereign grand lodge, which acts as a restriction on the subordinate lodges.

It appears that an appeal lies directly from the action of the grand lodge of the state to the sovereign grand lodge. This appeal may be either with the consent of the grand lodge of the state or without its consent; but in case an appeal is taken without the consent of the grand lodge, the subordinate lodge appealing must comply with the decision of the grand lodge of the state, and in case of an expulsion must surrender its effects to the state grand lodge. It does not appear in this case that the consent of the defendant grand lodge to an appeal has been asked, nor that any appeal has been attempted without it. The mode in which the orders of the grand lodge of the state are threatened with enforcement is by severing connection with and by the expulsion of the subordinate lodges which refuse to pay the assessments.

There are many authorities which hold that, where a mode is pointed out for redressing grievances in an association of this kind by a charter or by-laws, members of the organization are bound to pursue that remedy before resorting to the courts, and that where a right of appeal is given to a tribunal provided by the society, the members must pursue that remedy. (Nibl. Mut. Ben. Soc., §§ 79, 130; Bac. Ben. Soc., § 94; *Harrington v. Benevolent Association*, 70 Ga. 340; *Chamberlain v. Lincoln*, 129 Mass. 70; *Lafond v. Deems*, 81 N. Y. 507; *Osceola Tribe v. Schmidt*, 57 Md. 98; *Oliver v. Hopkins*, 10 N. E. Rep. 776.)

It is said in argument that property rights of the subordinate lodges will be affected by the action of the state grand lodge in taking away their charter privileges, but there are no averments in the petition showing that any other property rights are involved in this case than the $1.50 per capita assessments and the funds heretofore voluntarily contributed. Upon the funds contributed by other lodges for these specific purposes the plaintiffs have no valid claim. It is not in any sense their property. All benevolent societies, of necessity, raise funds by contributions from their members. The amounts of these contributions, and the purposes to which they shall be devoted, are matters to be determined by the association alone.

It appears to us manifestly inappropriate for the court in this case to decide as to the rightfulness of this assessment. The plaintiffs are free to pay or not to pay, as they see fit. They have a right to have the question as to the power of the state grand lodge determined by the sovereign grand lodge, which is designated as the tribunal to finally settle the question. It would present a singular state of affairs were this court to construe the charter and by-laws against the right to make the assessment, and the sovereign grand lodge, the authority of which the plaintiffs not only recognize but assert, should thereafter decide in favor of such right. If the plaintiffs persist in their refusal to pay the assessment, and property rights are thereafter affected by the action of the

grand lodge of the state, it will be time enough, when questions in relation thereto are properly presented, for this court to consider them, in any actions properly framed for that purpose. It will then also be time enough to determine how far the parties are concluded by the action of the designated tribunals of the order.

The specific relief asked in this case, that the grand lodge be enjoined from collecting the assessment, and that the grand master be required to transmit the annual and semiannual passwords and install the officers elected, seems to us of a kind which a court should grant, if at all, only in a case of extraordinary merit and necessity. The trial court in this case refused the application on the merits, on its construction of the constitution, by-laws and regulations of the order. We have not deemed it necessary to go so far in our consideration of the case, but shall decline to interfere, on the record presented, with the order of the district court.

4. Orphans, Odd Fellows' home for—assessments—injunction.

The judgment is therefore affirmed.

All the Justices concurring.