THE SUPREME LODGE OF THE ORDER OF SELECT FRIENDS v. CHARLES RAYMOND.

No. 9290.

1. FRATERNAL INSURANCE—*beneficiary may resort to courts after claim rejected by society's tribunal.* It is competent for a fraternal organization, which provides for the payment of benefits, to make reasonable rules or laws requiring those claiming benefits to submit their claims to designated officers or tribunals of the organization for investigation and allowance before the claims are made the subject of litigation in the courts; but a requirement of this kind does not abridge the right of members to resort to the courts when their claims have been submitted to, and finally rejected by, such officers and tribunals.

2. ———— *to preclude resort to courts rule must be explicit. Doubtful whether such rule would be valid.* The right of resort to the courts will not be deemed to have been taken away by mere inference; and, if it can be done at all, it will only be where the restriction is stated in the clearest and most explicit terms.

*Error from Anderson District Court.*
*Hon. A. W. Benson, Judge.*

AFFIRMED.                         OPINION FILED JANUARY 8, 1897.

*L. C. Boyle,* for plaintiff in error ; *J. L. Dennison,* of counsel.

*Oscar Foust & Son,* for defendant in error.

JOHNSTON, J.   This was an action by Charles Raymond to recover $3,000 on an insurance or benefit certificate issued to him by the Supreme Lodge of the Order of Select Friends.   The order is a fraternal one, and its objects are to advance the principles of friendship, hope and protection among those who are eligible to and do become members, and to aid members in business and in obtaining employment. A relief fund has been established, from which benefits not exceeding $3,000 are to be paid upon the death or total disability of members who have complied with the rules and regulations of the order.   In the matter of benefits, a claim by a member on account of accident or disability is first made to the Supreme Medical Director ; if he refuses to recommend payment, an appeal may be taken to the Supreme Executive Committee ; and if the decision of that committee is adverse, the claimant may appeal to the Supreme Lodge, where the claim will be determined by a majority vote of all present and entitled to vote thereon.   Raymond, a member of the order to whom a certificate had been issued, presented a claim under his certificate upon the ground that he had become totally and permanently disabled.   His application for a benefit was regularly presented to the Supreme Medical Director, who rejected it.   Appeal was taken from his decision to the Supreme Executive

Committee, which also refused to allow his claim. He thereupon appealed to the Supreme Lodge, and that tribunal decided adversely to his claim. He then instituted the present action; and, a trial having been had before the Court and a jury, a verdict was rendered in his favor for the sum of $2,983.16. Raymond appears to have been a member of the order in good standing, whose assessments had been paid; and the disability of which he complained was organic disease of the heart and muscular rheumatism. There was testimony tending to sustain the claim of disability, and that the claim was properly presented and the appeals regularly taken is conceded; but it is contended that the claim having been rejected by the tribunals created by the order, and the decision of the Supreme Lodge of the order being adverse and standing unreversed and unmodified, it was a full and final adjudication of the plaintiff's claim, and no resort to the courts can be had. It is argued that, provisions having been made by the laws of the order for the investigation and allowance of benefits, a member who subscribes to those provisions is bound by them, and by the decisions of the tribunals which he himself has helped to create. One article of the constitution of the order is that "no claim for any benefit from the relief-fund shall be paid until all the laws or rules of the order have been fully complied with, and the requisite proof of the justness of the claims has been made in accordance with the general laws of this order."

For the purpose of sustaining the position that a resort to the courts is not permissible, attention is called to the laws of the order already mentioned, and also to the following provision of the constitution:

"The Supreme Lodge, when convened agreeable to

the provisions of the constitution and laws of the
order, shall have original and exclusive jurisdiction
over all subjects pertaining to the welfare of the
order, and absolute control of all appeals from the
Grand or Subordinate Lodges and members ; and its
decisions upon all questions and appeals, when prop-
erly presented and heard, are the supreme law of the
order.''

Instructions were asked to the effect that, in the
absence of fraud, the decisions of the tribunals of the
order were final and conclusive ; but these were re-
fused, and, instead, the Court charged the jury as
follows :

'' If you find from a preponderance of the evidence
that the plaintiff has paid all dues and assessments
as provided by the by-laws, and was in good standing
in the order, and that he duly presented his claim and
took the various appeals as provided by the constitu-
tion and laws of the order, and that the defendant
order through its Grand Lodge finally acted upon and
rejected the said claim, then he may maintain an ac-
tion thereon in this Court, and may recover thereon,
provided he proves by a preponderance of the evidence
the existence of the total disability as claimed.''

Fraternal organizations like this one may doubtless
adopt rules and by-laws which will be controlling as
to all questions of discipline, doctrine or internal pol-
icy.   Persons who voluntarily become members are
bound by all reasonable rules and regulations, and
with the determination of questions of the character
named the courts will ordinarily not interfere.   It
does not follow, however, that the contract or prop-
erty rights of members are beyond the
reach of the courts or the protection of
the law.   In a recent case it was held that, while
courts will not undertake to direct or control such so-
cieties in the matter of discipline or internal policy,

1. Beneficiary may resort to courts.

Opinion of the Court.

they are nevertheless subject to the laws of the State
and the jurisdiction of the courts in proper cases;
and that the courts will not hesitate where property
rights are involved to entertain jurisdiction and af-
ford relief. *Reno Lodge v. Grand Lodge*, 54 Kan. 73.
In some cases it has been held that, in the absence of
fraud, the decision of the organization, or one of its
tribunals, as to the right of a member to benefits is
final, and no resort to the courts can be had (*Van
Poucke v. St. Vincent de Paul Society*, 63 Mich. 378;
*Canfield v. Knights of Maccabees*, 87 id. 628; *Fillmore v.
Knights of Maccabees*, 103 id. 437; *Anacosta Tribe of Red
Men v. Murbach*, 13 Md. 94; *The Osceola Tribe, No. 11,
I. O. R. M., v. Schmidt, Adm'r*, 57 id. 98; *Van Dyke's
Case*, 2 Whart., 312; *McAlees v. Iron Hall*, 13 Atl.
Rep. [Pa.] 755; *Rood v. Benefit Ass'n*, 31 Fed. Rep.
63); while other cases are to the effect that it is not
competent for societies, in advance of a dispute, to make
a by-law or stipulation which will deprive a member of
the right to resort to the ordinary legal remedies for
the protection or enforcement of his contract or prop-
erty rights, nor to oust the jurisdiction of the courts by
a provision that the decision of the organization itself,
or one of its tribunals, shall be final as to such rights.
*Bauer v. Samson Lodge, Knights of Pythias*, 102 Ind. 262;
*The Supreme Council of the Order of Chosen Friends v.
Garrigus*, 104 id. 133; *Order of Chosen Friends v. For-
singer*, 125 Ind., 52; 31 Am. & Eng. Cor. Cas. 174; *In-
surance Co. v. Morse*, 20 Wall. 445; *Scott v. Avery*, 5 H.
L. Cases, 811; *Stephenson v. Piscataqua F. & M. Ins. Co.*,
54 Me. 55; *Burlington Voluntary Relief Department v.
White*, 41 Neb. 561; *Daniher v. Grand Lodge A. O. U.
W.*, 10 Utah, 110; *Austin v. Searing*, 16 N. Y., 112; 69
Am. Dec. 665; Bacon's Ben. Soc. §§ 400, 450; Niblack,
Ben. Soc. § 317. Courts are created by the sovereign

power ; and when established should be open and accessible to all for the protection of their civil or property rights. Societies like the plaintiff in error cannot be regarded as purely charitable organizations, nor the benefits promised by them gratuities. The member pay for insurance ; and the certificates issued to and accepted by them are in effect contracts of insurance. Although the insured is a member of the organization, and must generally be held bound by all reasonable and valid rules which it makes, yet, as to the insurance, he .is in a certain sense a stranger to the organization, and 'their relations. in that regard are somewhat antagonistic. In making the contract, the organization deals with him as an individual rather than as a member ; and for an injury to his contract rights can he be barred from invoking the jurisdiction of the courts? Will a provision that the decision of the organization, or of one of its tribunals, shall be final preclude him from resorting to the ordinary legal remedies which the law affords? It may well be doubted whether a society can confer upon its own

2. Rule to preclude resorting to courts of doubtful validity.

tribunals plenary power to decide finally and conclusively upon the property rights of insured members ; but the determination of the question is not necessary to the disposition of this case. No attempt has been made to prevent members from resorting to the courts to recover benefits, nor has any stipulation been made that the decisions of controversies as to benefits shall be final and conclusive. The constitutional provision of the order that the Supreme Lodge shall have original and exclusive jurisdiction over subjects pertaining to the welfare of the order was certainly not intended to oust the courts of their ordinary jurisdiction ; and the further provision, that the decisions of the Supreme Lodge

upon questions and appeals shall be the supreme law
of the order, cannot be regarded as applicable to con-
troversies over contracts of insurance between the or-
der and the insured.    The right of resort to the courts
will not be deemed to have been taken away by mere
inference ; and, if it can be done at all, it will only be
where the restriction is stated in the clearest and most
explicit terms.    The provision in the constitution of
the order, that no claim or benefit shall be paid until
the rules of the order have been fully complied with
and the requisite proof of the justness of the claim
has been made in accordance with the general laws of
the order, is a reasonable regulation, and no reason is
seen why it may not be enforced.    It is generally held
to be competent for the organization to provide that
claims for benefits shall be submitted to the tribunals
of the order before they are made the subject of liti-
gation in the public courts.    In this way an oppor-
tunity is given to the order to fully investigate the
nature and justness of the claims ; and provisions of
this character are not uncommon in insurance con-
tracts.    This provision, however, affords no justifica-
tion for the contention that the order has abridged the
right of members to resort to the courts when their
claims for benefits have been rejected.    It has been
said ·

   "Courts of justice are freely open to those who
seek money due them upon a contract, and the party
who asserts that the right to invoke the aid of the
court has been curtailed must show a clear agreement
abridging the right.    If a man has a legal right, and
the society to which he belongs adds others, that of
submitting his claim to the society for adjustment,
and that of appeal to its superior governing bodies,
the added rights are merely cumulative ; they are not
exclusive.    Positive words only can take away an ex-

isting right.   Conferring a right to pursue a given course does not destroy an existing right ; in order to destroy such a right proper limiting words must be employed." (Niblack, Benefit Societies, 2d ed., § 313.)

The Supreme Court of Illinois, having before it an interpretation of a provision which, it was claimed, made the decisions of the society and its tribunals, as to claims for benefits, final and conclusive, held that, where the society itself, one of the parties to the controversy, is sought to be made the final judge, —

"the courts will hesitate and even refuse to treat its decisions as final and conclusive, unless the language of the contract is such as to preclude any other construction.   The judicial mind is so strongly against the propriety of allowing one of the parties, or its especial representative, to be judge or arbitrator in his own case, that even a strained interpretation will be resorted to if necessary to avoid that result." *Railway Conductors' Benefit Ass'n v. Robinson*, 147 Ill. 159.

We think the District Court placed a proper interpretation upon the rules of the order and the provisions of the contract of insurance, and that the instruction complained of correctly stated the law of the case.   Its judgment will be affirmed.

All the Justices concurring.