WM. McLAUGHLIN *and Thirty-three Others, Appellees,* v. JOHN W. WALL *and Twenty-five Others,* (N. J. RANDALL *et al., Appellants*).

No. 17,268.

### SYLLABUS BY THE COURT.

1. BENEVOLENT ASSOCIATION. The Anti-Horse Thief Association of Kansas is a voluntary benevolent association.

2. ——— *"Articles of Agreement"—Contract with Members.* "The articles of agreement of a benevolent association, whether called a constitution, charter, by-laws or any other name, constitute a contract between the members which the courts will enforce if not immoral, or contrary to the public policy or law of the land." (*Brown v. Stoerkel,* 74 Mich. 269; 41 N. W. 921, 3 L. R. A. 430, headnote, ¶ 3.)

3. ——— *Supreme Tribunal—Jurisdiction.* By the provision of the State Order constitution the State Order is the supreme tribunal within its jurisdiction, and without its sanction no subordinate order can exist.

4. ——— *Supreme Tribunal—Decision Final.* The State Order having, in effect, decided that a subordinate order has ceased to exist, the decision, not being contrary to law or public policy, is final.

Appeal from Neosho district court. Opinion filed December 9, 1911. Reversed.

*W. R. Cline,* and *J. Q. Stratton,* for the appellants.

*C. S. Denison,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: The appellees have filed a motion to dismiss the appeal in this case, on the ground that the amount or value in controversy does not exceed one hundred dollars. The motion is overruled. It is sufficient to say that this is an action for the recovery of specific personal property, and is not an "action for the recovery of money," and the limitation on the right of appeal in section 566 of the civil code has no application to this case.

This action was brought by Wm. McLaughlin and thirty-three others as plaintiffs against John W. Wall, N. J. Randall and twenty-four others as defendants. The case has been in this court before on appeal. (*McLaughlin v. Wall*, 81 Kan. 206, 105 Pac. 33.)

To explain any conflict which may seem to exist between that decision and this one, it is proper to state that appeal was taken from the order of the court sustaining an objection to the introduction of any evidence by plaintiffs on the ground that the petition did not state any cause of action. The appeal in this case is from the result of a jury trial on the petition and answer, which consisted of a general denial. At the close of the evidence the court sustained the demurrer of John W. Wall to the sufficiency thereof and overruled a like demurrer of all the other defendants thereto. Thereafter the court gave the jury an instruction on its own motion and refused eight requests for instructions asked by the appellants. The refused instructions are set forth in the abstract. Some of the refused instructions were applicable to the issues involved, were correct statements of the law, and should have been given. They are in accord with the views herein expressed, and a separate discussion of them is unnecessary. The instruction given reads as follows:

"In the light of the evidence in this case, as it now

stands, there is only one question to be submitted to·
the jury, and that is the question of damages for the
unlawful detention of the property of Subordinate·
Lodge No. 5 of the A. H. T. A., by the defendants.
You are instructed as a matter of law that the plaintiffs
in this action are entitled to a verdict for the return of
the property unlawfully detained or if the same can
not be returned or any part of it its fair value to said
lodge in money, together with such sum, if any, as you
may believe will fairly compensate plaintiffs for the
unlawful detention of said property, in fixing the value·
of any of said property that may be detained you will
consider what the evidence may show you it was fairly·
and reasonably worth for lodge purposes."

The jury returned a verdict in favor of the plain-
tiffs for the recovery of the property in controversy,.
and found the value of the property to be as follows:
Charter $3, secretary's book $0.75, treasurer's receipt
book $0.25, lodge seal $1.72, silk banner $3.10, and as
damages for the unlawful detention thereof $50. Judg-·
ment was rendered accordingly and defendants appeal.

As indicated in the former decision (*McLaughlin v.
Wall*, 81 Kan. 206, 105 Pac. 33), the action was really·
brought by the old order No. 5 in the name of the ap-
pellees. The appellees have no right to recover, unless·
as and for the order. It follows that if the old order
No. 5 had ceased to exist before the trial the appellees
should not have recovered in this action. We are not·
to be understood as saying that if a voluntary associa-
tion should cease to exist, possessing property of a·
substantial value for other than lodge purposes, in a·
proper action the members thereof might not be en-·
titled to a distribution thereof; but that is not this case.
The property in question is evidently worthless except
for the particular use of the order. The vital question·
in this case, then, is whether the old order No. 5 was·
in existence at the time of the trial and judgment in
this case—July, 1910.

We assume that the effort to disband the order March
12, 1908, was abortive for failure to notify all members·

thereof that the question would be presented at that time. It appears from the evidence, without dispute, that the charter came into the hands of N. J. Randall, president of the state order, some time after that date, as surrendered; that he destroyed it, as was the custom; that a petition by the appellants for a new charter was presented to him and, after investigation, he granted it and issued a charter to them of the same number as the old one, subordinate order No. 5, which charter was signed by the president and secretary of the state order. In October, 1908, the annual meeting of the state order was held at Salina, to which representatives of the old order No. 5 and of the new order No. 5 applied for admission. Under the provision of the state order constitution each subordinate order in the state was entitled to representation in such meeting. After investigation the state order admitted the new order No. 5 and excluded the old order No. 5. This, in effect, constitutes a decision of the supreme tribunal of the order that old subordinate order No. 5 no longer existed. And, there being no suggestion that it was in violation of the laws of the land or that any appeal therefrom was taken to the national order, the decision is binding and final.

A copy of the constitution of the state order is attached to the petition of appellees. Sections 1 and 2 of article 1 thereof read:

"SEC. 1. This body shall be known as the State Order of the Anti-Horse Thief Association for the State of Kansas and its jurisdiction. It shall be composed of its officers and representatives from the Subordinate Orders.

"SEC. 2. This State Order shall have jurisdiction over all localities in which there are [at] present, or may be hereafter, Orders located. It is the supreme tribunal of the Order in its jurisdiction; and without its sanction no subordinate order can exist. It possesses the sole right and power, in the manner hereinafter provided, of granting or suspending charters, of receiving appeals and redressing grievances arising

McLaughlin v. Wall.

in orders, of originating and regulating the means of its own support, of deciding all questions arising out of its Constitution or rules of Order, and doing all other acts necessary to promote the interests of the Order; provided, the same are not in violation of the laws of the land or consent of the National Order."

The state and subordinate orders of the Anti-Horse Thief Association are not corporations but are voluntary associations, and such orders and the members thereof are bound by the constitution of the state order. (See *Reno Lodge v. Grand Lodge*, 54 Kan. 73, 37 Pac. 1003; *Moore v. National Council*, 65 Kan. 452, 70 Pac. 352; *Miller v. National Council*, 69 Kan. 234, 76 Pac. 830.)

In *Brown v. Stoerkel*, 74 Mich. 269, 41 N. W. 921, 3 L. R. A. 430, it is well said:

"The articles of agreement of a benevolent association, whether called a constitution, charter, by-laws or any other name, constitute a contract between the members which the courts will enforce if not immoral, or contrary to public policy or the law of the land." (3 L. R. A. 430, headnote, ¶ 3.)

As shown in the decision in *McLaughlin v. Wall*, 81 Kan. 206, 105 Pac. 33, the plaintiffs in no event, as individuals, had any right of recovery, but that they recovered as and for the association, old order No. 5, aggregate, if at all. As the highest tribunal of the state order had, in 1908, adjudicated, and its decision was final, that old subordinate order No. 5 had no existence, and no resurrection thereof was proved or even suggested, it follows that the appellees could not, in 1910, recover as and for that order. It is equally apparent that a new trial would be fruitless. Other questions are involved which, in view of the conclusion at which we have arrived, it is unnecessary to decide. From the foregoing it follows that the court erred in overruling the demurrer of appellants to the evidence of appellees; also in its instruction to the jury, and in overruling the

4—86 KAN.

motion for a new trial and entering judgment upon the verdict.

The judgment is reversed and the case is remanded with instructions to render judgment in favor of the defendants.