No. 32,219

THE LAKE OF THE FOREST CLUB, *Appellee,* v. DOROTHY W. BUTTLES, *Appellant.*

(51 P. 2d 18)

Opinion filed November 9, 1935.

*George H. West, P. W. Croker* and *Tudor M. Nellor,* all of Kansas City, for the appellant.

*A. M. Etchen, H. J. Smith* and *James L. Hogin,* all of Kansas City, for the appellee.

The opinion of the court was delivered by.

THIELE, J.: Defendant appeals from a judgment under which her real estate was sold because of her failure to pay dues to the plaintiff club.

The questions presented for considerations arise out of facts concerning which there is no dispute.

J. D. Waters and other persons owning adjoining lands, and perhaps others, caused the Lake of the Forest Club, hereafter usually referred to as the club, to be incorporated for the purpose of maintaining a club for social enjoyment, to hold and improve real estate and to make necessary rules and regulations for the transaction of its business and the government of its members, and other purposes not necessary to be detailed. On December 9, 1910, a plat of "The Lake of the Forest Club" was executed and filed as required by law. Under the dedication, the lands reserved for the use of the club as paths, drives, walks and lake were dedicated to the club as such. By-laws covering the activities of the club were adopted. They cover the field of its activities, but we here note only the following: Two classes of members were provided:

(1) Active members, who own lots and have a right to vote; and

(2) Associate members, who have no right to vote, and are entitled to the privileges of the club until the following May 1, when their memberships cease and new applications must be filed.

The dues for active members are $150 per year, payable in two installments, and for associate members $150 per year, payable with application for membership. Article VIII, section 10, reads as follows:

"Members shall be notified on or before the 15th day of each month the amount of their indebtedness to the club. A member shall be suspended for nonpayment of dues sixty days or later after the same are due at the discretion of the board of directors. Any member who has been suspended may be reinstated at any time by the board of directors upon the payment of all such dues together with court costs, if any, and attorney fees expended in collection of account against such suspended member.

"Should any member who has been so suspended fail to pay said indebtedness to the club within ten days after being so suspended, then the board of directors is hereby authorized and instructed to immediately bring suit in the proper court to set aside the membership certificate that is held by said member; also the deed to said member's said lot, and ask the court to order sale of same to any person qualified to become a member of the Lake of the Forest Club or to any corporation or association approved by the board of directors. The proceeds of the said sale of said membership certificate and lot shall be distributed as follows:

"First—All court costs and attorney's fees shall be paid.

"Second—All indebtedness, with interest due the Lake of the Forest Club, shall be paid.

"Third—All the residue, if any, shall be delivered to the suspended member

and the right of said member so suspended to redeem said property shall be waived."

Provisions for expulsion need not be noticed.

On June 25, 1912, Waters and others conveyed the lot in question here to one Dengel by a warranty deed containing the following clause:

"This deed is delivered by the owners and accepted by the purchaser subject to the by-laws adopted by the Lake of the Forest Club now in force or as the same may be hereafter amended."

Dengel conveyed to Spake by warranty deed which contained no such provision. On February 19, 1927, Spake conveyed to appellant by warranty deed, which recited in part:

". . . All of lot one hundred thirteen (113) of the Lake of the Forest Club in Wyandotte county, Kansas, as per recorded plat thereof, subject to the by-laws of the Lake of the Forest Club as originally adopted and now in force or as same may be hereafter amended."

On February 22, 1926, appellant filed her written application for membership in the club, which recited in part:

"I hereby apply for membership in the Lake of the Forest Club, Edwardsville, Kansas, and if accepted, I will comply with and be governed by the rules and regulations of said club as they now exist, and as they may hereafter be enlarged or amended."

The lot in question has a residence on it. It does not appear whether appellant occupied it or not, but from May 1, 1930, and up to the trial of the action it was occupied by a tenant, an associate member of the club, who paid her as rents the sum of about $2,400. This tenant also paid his requisite dues to the club. Although not clearly expressed as a statement of fact, appellant seems to have taken the position that if her tenant was an associate member paying dues, she was relieved therefrom, for she failed and refused to pay the dues for the year 1930 and thereafter. In this condition, the club made no effort to suspend appellant as provided in the by-laws, but on July 27, 1933, it filed its petition alleging formal matters, certain provisions of the by-laws, the application for membership of appellant and that she became a member of the club, the conveyance of the lot to appellant and the condition of the grant as quoted above; that appellant had failed to pay dues as shown on an attached exhibit; that the club by reason of nonpayment of dues was entitled to a decree setting aside her certificate of membership and her title to the lot and ordering the lot sold to satisfy the judgment,

and judgment was prayed accordingly. We omit all reference to the defendant, the Brotherhood State Bank, for its rights were found to be inferior to those of the club, and it has not appealed. Appellant's answer was a general denial; an allegation the facts stated in the petition did not constitute a cause of action; a denial of the correctness of the account or that she is indebted in any sum; a denial that plaintiff had a capacity to sue; an allegation that there was no privity of contract between plaintiff and defendant, as plaintiff had never been the legal or equitable owner of the property; that plaintiff had no lien upon the described real estate; that the provisions of the by-laws were and are insufficient to constitute a lien upon said property or to entitle plaintiff to the relief sought; and that the provision of the by-laws relied on is not a provision for a lien, but for forfeiture of title upon happening of a certain event, and is void. At the trial, an agreed statement of facts was filed covering most of the matters in issue.

The court made findings of fact, from which the above statement is largely drawn, and concluded that the application for membership and the by-laws constituted a contract between the parties; that the condition in the deeds from Waters to Dengel and from Spake to appellant Buttles constituted a covenant running with the lands; that appellant was not suspended as a member, was thereby enabled to collect rents from her tenant and cannot be heard to complain she was not suspended. It also concluded that payment of dues by the tenant did not relieve appellant from the obligation imposed on her to pay annual dues as an active member; that the plaintiff club was entitled to judgment and the judgment constituted a first lien on the lot; that the lot should be sold by the sheriff to a person qualified to become a member of the club, and without equity of redemption, with exceptions not here material. The journal entry of·judgment, filed August 31, 1934, followed consistently the conclusions of law and awarded judgment to the club against defendant, ordered sale of the real estate, and provided:

"That upon the confirmation of said sale, the said sheriff shall make, execute and deliver to the purchaser at said sale a good and sufficient deed of conveyance, subject, however, to the by-laws of the Lake of the Forest Club, a corporation, then in force or as may, thereafter, be amended. That, however, in the event of purchase of said real estate and premises by anyone other than plaintiff, for an amount in excess of plaintiff's judgment, the defendant, Dorothy W. Buttles, shall have eighteen (18) months equity of

redemption from said sale, and in such event, upon confirmation of such sale, the sheriff shall issue to such purchaser a certificate of purchase, subject to such exemption."

It is here noted that the court made no order suspending or otherwise terminating appellant's membership in the club. The findings of fact and conclusions of law were filed August 14, 1934. A motion for a new trial was duly made and thereafter denied. Notice of appeal was served September 17, 1934. Meanwhile, the property was offered for sale and sold by the sheriff on October 3, 1934, to the plaintiff for the amount of its claim, and on November 3, 1934, this sale was confirmed. No supersedeas bond seems to have been given.

Appellant complains the trial court erred in not sustaining her demurrer to the petition. The contention is based on the proposition that the by-laws of the club, having been assented to by the appellant, constituted a contract between them, and that is correct. (See *McLaughlin v. Wall*, 86 Kan. 45, 119 Pac. 541; *Wichita Council v. Security Benefit Ass'n*, 138 Kan. 841, 848, 28 P. 2d 976; 94 A. L. R. 629; 25 R. C. L. 49.) From this it is argued that before the club could maintain an action to recover dues, notice of nonpayment must have been given, and the course of procedure outlined in the by-laws followed, and that such notice not having been given and such procedure not having been followed, the appellee could not resort to the courts for relief. It may be observed that the by-laws cover not only the social conduct of the club, but also cover the business and financial relations that exist between the club and its members; and that so far as payment of dues is concerned, the times when the dues of an active member are payable are definite and fixed. While the by-laws do prescribe a procedure, there is no provision making such procedure exclusive, nor is there any requirement that there be either suspension or expulsion of a member as a condition precedent to the club's right to collect its due from the members. Authorities holding that a member must exhaust his remedies under the by-laws before appealing to the courts are called to our attention, but it is not necessary that they be discussed for they deal largely with rights of expulsion. In *Supreme Lodge v. Raymond*, 57 Kan. 647, 47 Pac. 533, contention was made that where a course of procedure was outlined in the by-laws, which provided that the decision of the Supreme Lodge as to rights of members was conclusive, no recourse to the courts could be had, but it was held:

"The right of resort to the courts will not be deemed to have been taken away by mere inference; and, if it can be done at all, it will only be where the restriction is stated in the clearest and most explicit terms." (Syl. ¶ 2.)

While the petition did allege facts which would have warranted cancellation of membership and expulsion from the club, the trial court treated the petition as a suit for money only, and made no order of expulsion. The petition alleged facts which show that appellant became a member of the appellee club under by-laws which obligated her to pay dues, and that she had not paid them as they became due. As the by-laws prescribed no exclusive method by which the dues could be collected, and as there was no attempt in the by-laws to compel collection of dues by suspension or expulsion of the member to the exclusion of a resort to the courts, we are of the opinion the trial court properly overruled the demurrer.

The remaining specifications of error overlap and will be discussed together. Under the plan for maintenance of the club, as evidenced by the by-laws, each active member could own only one lot, although adjoining owners could rearrange their boundaries or could divide a vacant lot between them, provided they assumed and paid the dues chargeable to such lot. It is argued from this that it was apparent funds were to be raised from the lots, and when appellant's tenant paid dues equal to those chargeable to appellant, in effect her dues were paid, and hence the appellee club was entitled to recover nothing from her. However, the by-laws made it just as clear that the club was for the use and enjoyment of its limited membership of two hundred, divided into active and associate members, the actives being lot owners, and the associates being nonowners. Article IX, section 9, provided that:

"Members will not be permitted to let, rent or loan cottages to nonmembers, nor to a member not in good standing."

When appellant's tenant, who was an associate member, paid the required dues, he did it, not in behalf of appellant, but in his own behalf and as a condition to his right to enjoy the club's privileges and to occupy the residence owned by the appellant. It is undisputed the tenant not only paid his dues, but he paid appellant substantial amounts for the use of her real estate. In this connection it is further argued that the possession by the tenant is in legal effect the possession of the owner, and that the payments by the tenant are therefore the payment of the owner's dues. Whatever might be said of such a premise and conclusion, it is contrary to the

provisions of the by-laws and cannot prevail. Appellant's contention, that her dues were paid by her tenant's having paid dues and for that reason she was not indebted to the club, is not good.

Some space is devoted to a discussion concerning the correctness of the finding that provisions in the deeds, as quoted above, constitute covenants running with the land, it being argued that the club never owned the real estate and is not entitled to enforce the covenants. We shall not discuss this contention further than to say that under the circumstances here, appellee was not suspended or expelled as a member for violation of covenants in her deed. The trial court did not err in refusing to make the requested finding of fact that the club never held title.

A more important question is raised, that the trial court erred in refusing to allow appellant an unqualified right of redemption. For the purposes of discussion, it may be assumed that the order as made was equivalent to a refusal to allow any right of redemption. The club seeks to uphold this part of the judgment on the ground that the by-law is valid and binding, that the waiver therein is not such as is contemplated by R. S. 60-3438 and that therefore our redemption statutes (R. S. 1933 Supp. 60-3439, R. S. 60-3462) do not apply. Assuming, without so deciding, that the by-law is valid, it appears that the club took no steps as provided in the by-law to suspend appellant and appropriate her property for nonpayment of dues. The clubs' argument that appellant waived lack of notice by contesting in court is not good. Had she failed to contest there, her rights would have been cut off without her having had any hearing whatever. The situation is not like that where a person entitled to notice appears without notice and contests, as where owners without notice appear for a fence viewing, road opening, etc., or where a defendant answers to a suit without having been served with summons. So far as the record shows, appellant had no notice of the club's intention to enforce payment until summons was served. But whether the by-law is good or not as a waiver of right of redemption makes no difference here, for the club did not follow the by-law in bringing the suit. The trial court did not consider that it was following the by-law procedure, for it made no order or rendered no judgment of suspension against appellant, and so far as the record shows she is still a member of the club; neither did the court order the property sold without any right of redemption. In its efforts to collect its dues, the club was under compulsion

either to follow its by-law method of procedure, or to pursue its right in an action at law; it could not confuse the two methods and bind the appellant as to waiver of right of redemption and not itself be bound by the provision as to giving notice. If the club did not follow the by-laws and give notice as provided in article VIII, section 10, as a condition precedent to maintaining a suit, then it cannot insist on the owners' waiver of right of redemption, however good it might otherwise have been.

Space forbids an exhaustive analysis of the purposes of the club as evidenced by its charter and by-laws. The by-laws of any such organization deal with two things: The conduct of the membership so that the social objects of the club may be accomplished, and the financial obligations of the membership in order that the club may continue to exist. The active membership provision required the payment of stated dues, and while there is no express statement granting or reserving a lien for unpaid dues, such a lien may be implied from article VIII, section 2, dealing with active members, where in connection with rearrangement of boundaries or division of a lot between adjoining owners, it is stated:

"Provided, however, that conveyance for any such vacant lot shall be conditioned upon the grantees thereof agreeing to assume and pay all assessment charges and dues properly assessed or chargeable against said divided lot;"

and it may be implied from the provisions that active members must be lot owners, and that ownership is restricted to one lot, or to one lot and a portion of an adjoining lot, from the provision as to dues, and from the provisions of article VIII, section 10, heretofore quoted in full.

Appellant insists that the club, by not promptly asserting its claim against her, is guilty of laches and is not entitled to a lien for the amounts found due. No action of the club has prejudiced appellant in any manner—rather the club's delay permitted appellant to continue in possession of her property, receiving substantial rentals therefor. It is not claimed the statute of limitations had run —only that appellant was prejudiced by delay in bringing suit. Under the facts, there was no undue delay, and the contention is disapproved.

In effect, the sale was ordered and made under special execution for the sale of specific property to conform to the order of court, and under such sale appellant was entitled to an unqualified right to redeem. Under the facts of this case the period should have

been eighteen months from the date of the sale (R. S. 1933 Supp. 60-3439), and the right to redeem should not have been qualified by any conditions as to a sale to plaintiff or as to the amount of the sale price.

Insofar as the judgment of the lower court allows a recovery by appellee against appellant and orders sale of the described real estate, it is affirmed. Insofar as it denies appellant an unqualified right to redeem the real estate when sold, it is reversed. The cause is remanded with instructions to eliminate the qualifications upon appellant's right to redeem and to fix the period of redemption at eighteen months from the date of the sheriff's sale.