No. 45,789

HERMAN NEELEY, *Appellant,* v. BOARD OF TRUSTEES, POLICEMEN'S
AND FIREMEN'S RETIREMENT SYSTEM, CITY OF WICHITA, *Appellee.*

(473 P. 2d 72)

Opinion filed July 17, 1970.

*Vincent L. Bogart* argued the cause, and *Albert J. Kirk,* both of Bogart and Kirk, of Wichita, was with him on the brief for the appellant.

*Eugene L. Pirtle,* of Wichita, argued the cause, and *John Dekker,* of Holmes, Darrah, Dekker, Mellor and Compton, of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment of the district court of Sedgwick county denying relief to a fireman who appealed from an order of the Board of Trustees, Policemen's and Firemen's

Retirement System of the City of Wichita denying his application for service-connected disability benefits.

The general facts, which are all that are necessary for the determination of the issues presented on appeal, may be roughly stated as follows:

On August 18, 1967, appellant was employed by the city of Wichita as a fireman. On that date appellant fell off a fire truck while in the process of fighting a fire and hurt his back. He reported the injury to his supervisor upon returning to the fire station and called the fire department's doctor who referred him to an orthopedic surgeon, Dr. Eugene Kaufman. Upon calling Dr. Kaufman's office the appellant learned it would be a couple of weeks before he could get in to see the doctor. The following day, August 19, 1967, the appellant began his yearly vacation and saw the doctor at the previously arranged time and date. Shortly after this visit the appellant was hospitalized and did not return to work at the fire department after the day of the fall.

The appellant remained absent from his regular duties as a fireman by drawing injury leave pay. The maximum period of time during which this pay could be received expired on March 4, 1968. Shortly before that date appellant resigned from the fire department and filed an application for service-connected disability benefits. Mr. Lauchland, secretary to the appellee, received this application along with a letter from William Spriggs, attorney for appellant. At the March 13, 1968, meeting of the appellee it determined to take up appellant's application at the April 10, 1968, meeting. Some members of the Board also expressed the opinion that it was improper for an attorney to be involved in the representation of an applicant.

Lauchland then sent out forms to Dr. Kaufman and Dr. K. W. Binyon, the fire department's doctor. These forms were filled out and returned to the appellee by the doctors. Those doctors concluded that appellant was permanently disabled. Mr. Lauchland then wrote a letter to Dr. Leon Bauman and received a response regarding the reports of Drs. Binyon and Kaufman. In Dr. Bauman's report he concluded that appellant was unable to perform the duties of a fireman. At the next meeting of appellee on April 10, 1968, the appellee determined that additional medical information was necessary and directed Lauchland to make an appointment for appellant with another orthopedic physician. Lauch-

land then made an appointment with Dr. Harry Anderson, an orthopedic specialist. Dr. Anderson examined appellant, wrote a report to the appellee, and concluded: "I see no reason why this man should not be able to do some type of work." Upon receipt of this report Lauchland wrote a letter to Dr. Bauman who responded that he would agree with Dr. Anderson. The service-connected disability benefits depended upon inability to perform services as a fireman.

On June 19, 1968, the appellee had a meeting at which it determined that appellant was not entitled to a service-connected disability pension. After the appellee had made its decision it sent a copy of Dr. Anderson's report to Mr. Spriggs, appellant's attorney. At no time was either appellant or Mr. Spriggs notified of any board hearing nor were they permitted to make any presentation of their own case. The appellee made no transcript of the meeting at which appellant's application for benefits was denied. During the preparation of the trial of this case the deposition of Dr. Anderson was taken and Dr. Kaufman testified personally. Each of these doctors concluded that appellant was unable to perform the duties of a fireman. Friends and neighbors of appellant testified that appellant has been unable to function as well as he did prior to the fall.

The trial court concluded that appellant was not entitled to a trial *de novo* in his appeal from the decision of appellee and that the question was limited solely to whether the board was arbitrary and capricious. The trial court ruled that the board was not arbitrary and capricious and upheld the decision of appellee.

The appellant has appealed to this court.

Appellant first contends that he is entitled to a trial *de novo* when appealing to the district court from an order or decision of an administrative agency or tribunal under the provisions of K. S. A. 60-2101.

In the recent case of *Lauber v. Firemen's Relief Association,* 202 Kan. 564, 451 P. 2d 488, we held:

"The provisions of K. S. A. 60-2101 (*a*) are construed and it is *held* they do not authorize the district court to consider an appeal from an administrative agency or tribunal in a trial *de novo,* nor do they enlarge the jurisdiction of the district court to review administrative matters beyond limitations heretofore imposed by the law of this state. The application of the provision therein for expanded jurisdiction over appeals from judicial bodies lies only in cases where the district court would have had original jurisdiction in the first instance.

"A district court may not, on appeal, substitute its judgment for that of an administrative agency or tribunal, but is restricted to considering whether, as a matter of law: (a) the tribunal acted fraudulently, arbitrarily or capriciously; (b) the administrative order is substantially supported by evidence; and (c) the tribunal's action was within the scope of its authority." (Syl. ¶¶ 2 and 3.)

The appellant recognizes the effect of the *Lauber* decision but questions its conclusion and asks us to reconsider it. He calls our attention to the last sentence of 60-2101 (a), which reads:

". . . When an action is filed in the district court on appeal or removal from an inferior court the jurisdiction of the district court shall not be limited to only such matters as were within the jurisdiction of the lower court, and the district court may by order permit the issues to be enlarged in the same manner and to the same extent as if the action had been originally commenced in the district court."

Appellant then suggests:

"It is clear that these provisions give the district court authority to hear matters which could not have been heard in the lower tribunal if the district court had jurisdiction to hear the case originally. Presumably therefore, if the court could not have heard the case originally, it could not hear matters which the lower tribunal could not have heard; however, this is not to say that the district court cannot hear all matters which the lower tribunal could have heard. . . ."

Again we suggest that the particular provision refers only to "inferior courts" and not *quasi* judicial bodies. If the courts were allowed to hear such matters *de novo* and substitute their judgment for that of the administrative agency or tribunal they would be usurping the power delegated by the legislature to the administrative department. In the late case of *Rydd v. State Board of Health,* 202 Kan. 721, 451 P. 2d 239, we held:

"By reason of the constitutional inhibition known as the separation of powers doctrine, the legislature may not impose upon the judiciary the function of a trial *de novo* of action of an administrative agency in the sense of authorizing the court to substitute its judgment for that of the administrative agency in matters other than law or essentially judicial matters." (Syl. ¶ 4.)

The rule was again recognized in the recent case of *Goetz v. Board of Trustees,* 203 Kan. 340, 454 P. 2d 481. See, also, *Bodine v. City of Overland Park,* 198 Kan. 371, 424 P. 2d 513, where the rule was applied in an action attacking the reasonableness of a zoning ordinance under the provisions of K. S. A. 12-712.

Appellant further contends that—

"The failure of the board to allow appellant to be present and to notify him of the hearing and to provide a process by which appellant could present his

case to the appellee was arbitrary and capricious and denied appellant of due process of law."

We are inclined to agree with appellant on this contention. The constitutional guaranty of due process of law applies to administrative as well as judicial proceedings where such proceedings are *quasi* judicial in nature.

Where an administrative body acts in a *quasi* judicial capacity, a person whose substantial rights may be affected by the action taken is entitled to notice, the right to be present at the hearing and the right to be heard. This court so ruled in *Penquite v. Dunn,* 123 Kan. 528, 256 Pac. 130. We quote:

"It hardly needs to be emphasized here that by virtue of plaintiff's contributions to the creation of the firemen's relief fund he had an interest in that fund which could not be cut off by the mere *ex parte* nonjudicial action of the board where plaintiff had no chance to present his side of the controversy and have it fairly considered. (*Reno Lodge v. Grand Lodge,* 54 Kan. 73, 80, 37 Pac. 1003; *Supreme Lodge v. Raymond,* supra [57 Kan. 647, 47 Pac. 533].)

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"More in accord with our view is the case of *Stevens v. Minneapolis F. D. R. Asso.,* 124 Minn. 381, 50 L. R. A., n. s., 1018, where it was held that a fireman had a vested right in a pension fund in which he had contributed out of his wages; and that such a fireman injured in the course of duty had a claim for a pension out of that fund of which he could not be denied except by due process of law; and that the action of the defendant association in cancelling his right to a pension without notice and a chance to be heard was illegal and void. .    .    ." (p. 530.)

We are not impressed with appellee's suggestion that the appellant had constructive notice because the Board's meeting dates were fixed by the by-laws and employee's personnel manual and all members were given the right to attend such meetings. The appellant was never notified as of what meeting date his application would be heard.

Neither are we impressed with appellee's suggestion that an appeal under K. S. A. 60-2101 (*a*) cures any technical defect in due process. This rule is not applicable where a trial *de novo* is not permitted on appeal. The applicant must have one trial *de novo* where he has notice and an opportunity to be heard.

We have said:

".    .    . The fundamental requisite of due process is *notice* and an *opportunity for a full and complete hearing.* .    .    ." (*Carrigg v. Anderson,* 167 Kan. 238, 246, 205 P. 2d 1004.)

Also, in *Rydd v. State Board of Health,* supra, we held:

"Procedural due process requires that an applicant for license pursuant to K. S. A. 65-504 be given notice and opportunity for hearing by the state board of health before he may be denied a license on the ground of personal unfitness." (Syl. ¶ 6.)

The appellant suggests that the failure of appellee to allow appellant to be represented by counsel was arbitrary and capricious and contrary to due process of law.

As this matter must be returned to the board for a hearing in the absence of notice and opportunity to be heard at its first *ex parte* consideration, it would serve no useful purpose to enter into the argument as to whether or not appellant was denied counsel at the hearing. It will suffice to say for future guidance that appellant should have been allowed to appear with counsel if he so desired.

The right of counsel where an applicant's substantial rights may be affected is a part of due process of law. In *Richa v. Wichita Precision Tool Co.*, 190 Kan. 138, 373 P. 2d 201, we stated at page 142 of the opinion:

"Our system of jurisprudence is founded on the proposition that every litigant has a right to be heard. The right to be heard carries with it the absolute right to be represented by counsel, and the right of counsel to assist the court by oral argument in analyzing the evidence and applying the law."

The appellant complains of appellee's failure to make findings of fact.

The grounds upon which an administrative agency has acted should be clearly disclosed. In order for the reviewing court to determine whether the decision reached is reasonable and lawful it is necessary that the decision contain a finding of the pertinent facts upon which it is based. In *Rydd v. State Board of Health*, supra, we held:

"When pursuant to K. S. A. 65-504, the state board of health refuses to grant a license to an applicant, it should furnish a concise, explicit statement of the basic, underlying facts relied upon to support the order of denial." (Syl. ¶ 7.)

Without findings on the basic issues it is impossible for a reviewing court to determine whether the decision is contrary to the evidence.

The failure of the appellee to meet necessary procedural requirements on its first consideration of appellant's application requires that the matter be remanded to the appellee for a complete hearing.

The judgment is reversed with instructions to the district court to remand the case to the Board of Trustees, Policemen's and Firemen's

Retirement System, Wichita, Kansas, for a hearing in harmony with what has been stated in this opinion.

APPROVED BY THE COURT.