(23 Misc. Rep. 486.)

## TALBOT v. TIPPERARY MEN NATIONAL, SOCIAL, AND BENEVOLENT ASS'N.

(Supreme Court, Special Term, Kings County.   May, 1898.)

1. BENEFICIAL ASSOCIATIONS—CONSTITUTION—AMENDMENT.

> Where the constitution of a corporation organized for mutual benevolence provides for amendment at a quarterly meeting of the corporation, on at least two weeks' previous notice in writing given at a meeting of the corporation, it is not necessary to give a member personal notice.

2. SAME—FUNERAL EXPENSES.

> Under the constitution of a corporation organized for social and benevolent purposes, which provided for the payment of a certain sum towards the burial expenses of a member's wife, and reserved to itself the right to expend the money, a member cannot recover the amount where the corporation had no knowledge of the death of his wife until after the funeral.

3. SAME.

> A provision in the constitution of a corporation for benevolent purposes that a stated amount shall be paid towards the funeral expenses of a member's wife applies to the funeral of a member's second wife, although the corporation paid the stated amount towards the funeral expenses of his first wife.

4. SAME—PAYMENT.

> Under a provision in the constitution of a corporation for benevolent purposes that a stated amount should be paid to the "next of kindred," towards the burial expenses of a member's wife, the amount is payable to the husband.

Appeal from justice court.

Action by Joseph Talbot against the Tipperary Men National, Social, and Benevolent Association.   From a judgment for plaintiff, defendant appeals.   Reversed.

Alfred Steckler, for appellant.

John P. Donnelly, for respondent.

JOHNSON, J.   This case comes before this court on an appeal from a judgment in favor of the plaintiff for $75 and costs entered in the justice's court of the borough of Brooklyn.   The defendant is a corporation organized for social purposes and purposes of mutual benevolence.   I assume it is of the character known as a "membership corporation."   The plaintiff became a member in 1893.   At that time the association had a constitution which provided for certain benefits or payments in case of death,—among others, a payment of $75 towards defraying the expenses of burial of a member, or on the death of the wife of one of the members.   Some time after the plaintiff became a member, it is claimed, this constitution was amended so as to modify the provision in relation to the death of the wife of a member.   The first question in the case is, which constitution is now in force,—the earlier or the amended one?   The original constitution provided for amendments at a quarterly meeting of the association, by a two-thirds vote of all the members present, and on at least two weeks' previous notice in writing given at a meeting of the association.   Officers of the association were called, who testified that the constitution had been amended some years before the death of the plaintiff's wife.   The plaintiff, however, objected to

the admission of the amended constitution; his objection seeming to be that he had no notice of the proposed amendment. I hold it is very clear that it was not necessary that personal notice should be given; the scheme for amendment only requiring a notice given in a quarterly meeting of the association. Hence, I hold that the case is to be determined under the amended constitution. The provision contained in the amended constitution for a benefit in case of the death of a wife is as follows:

"Section 1. On the death of any member not disqualified by the constitution and by-laws, the sum of one hundred dollars shall be paid towards his burial expenses; the association reserving the right to expend the money themselves towards the burial of its members, or hand it over for that purpose to the next of kindred. Sec. 2. On the death of a wife of a member not disqualified by the constitution and by-laws, the sum of fifty dollars shall be paid, and the association's right reserved as in the preceding section. Sec. 3. No member shall be entitled to either of the benefits specified in the preceding sections until he shall be six months a member, and continuously in good standing. Nor shall he be entitled to receive any burial benefit for his wife until six months have elapsed from date of marriage, if single when becoming a member."

It is conceded that the association had no notice of the death of the plaintiff's wife until after her funeral, and some two weeks after her death. The association had expressly reserved the right to expend the money themselves towards the burial of a deceased member, or the wife of a deceased member. As they had no knowledge of the death of the first wife until after the funeral, and consequently had no opportunity to exercise that option, the question is, can they now be held for the $75? It should be noticed that this is a social and benevolent association; the purpose obviously being to bring together, for better acquaintance and mutual aid, men of common descent, and common pride or love of ancestry. It was not an insurance company, originally or principally; and the benefit comes, not as an "insurance," but rather as a means whereby the kindly and benevolent offices of the society would follow their deceased members and their wives to their final resting place. Hence the reservation of this right, for the association itself to expend the money, was a matter of substance, comporting with the character and purposes of the association. So construing that provision, it follows that the plaintiff has no right to recover, and the judgment must be reversed. I deem it fair, however, to consider the other objections and questions which have been presented.

It is shown that in the early years of the plaintiff's membership his wife died, and the association paid him the regular benefit, and that the wife on account of whose death he now claims was a second wife. The point is made, that, having paid a benefit for the death of the first wife, there is no obligation to pay on account of the death of a second wife. I do not think that objection is good. There is no reason why a member in good standing should not have the benefit on the death of a second wife as much as on the death of the first.

The provision is that the payments shall be made to the "next of kindred," and it is urged that the husband is not the next of kindred to the wife. The counsel for the association cites a large number of

authorities clearly establishing that the husband and wife are not "next of kin" to each other. But the phrase "next of kin" is a phrase of legal definition, which is used and applied to indicate a particular class of relatives. In other words, it is a technical term, not ordinarily used in common speech. Hence, whenever it is used it is to be presumed that it is used in its technical meaning. But the term "next of kindred" is quite different. It is not a technical term, used as a legal definition. Hence I think the cases cited by counsel for the appellant do not apply. The question then is, what is the meaning of "next of kindred," as used here? We must consider it in connection with the purposes of the provision. As has been stated, the association was formed for purposes mutually helpful, and these death benefits were given rather as a benevolence, and as a continuation of the help given in case of need during life. In case of the death of the husband, the wife, and, in case of the death of the wife, the husband, has the first right to administer. In common speech and common understanding, the widow is next to the deceased husband, and the widower is next to the deceased wife. Hence I think that it would be a harmful mistake to consider that the husband or wife, as the case may be, is not the party entitled to draw this benefit in the proper case.

Judgment reversed.   New trial ordered.