THE PATRONS OF INDUSTRY FIRE INSURANCE COMPANY OF SARATOGA COUNTY, N. Y., Appellant, *v.* WILLIAM A. PLUM, Respondent.

*Estoppel — a co-operative fire insurance company, which has undertaken to insure property in a county in which it was not authorized to do business — the insured may refuse to pay an assessment.*

In an action brought by a co-operative fire insurance company, organized for the purpose of doing business in the county of Saratoga, and which has attempted to qualify itself to do business in the county of Warren, to recover an assessment levied by it upon the holder of a policy of fire insurance issued by it covering property in the county of Warren, the defendant, who has received no benefit from the policy, is not estopped from asserting that the plaintiff's attempt to qualify itself to do business in Warren county was ineffective, and that the policy was, consequently, void under the statute.

APPEAL by the plaintiff, The Patrons of Industry Fire Insurance Company of Saratoga County, N. Y., from a judgment of the County Court of Warren county in favor of the defendant, entered in the office of the clerk of the county of Warren on the 22d day of December, 1902, affirming a judgment of the Justice's Court of the town of Caldwell dismissing the plaintiff's complaint, with costs.

*Frank Gick,* for the appellant.

*W. L. Kiley,* for the respondent.

PARKER, P. J. :

The plaintiff claims to have been organized in March, 1897, as a co-operative fire insurance company, under chapter 690 of the Laws of 1892, as amended, for the purpose of carrying on its business in Saratoga county ; that in. June, 1897, it extended its territorial limits into Warren county, as provided by statute (§ 278, as amd. by Laws of 1896, chap. 907) ; that on May 5, 1898, it issued a policy to this defendant upon his application, insuring his property in the town of Bolton, in Warren county, where he then resided ; that such policy remained outstanding until November 23, 1899, when the defendant returned it to the secretary of the company, stating that he was dissatisfied with this manner of insurance and wanted to get out of it, and such surrender was thereupon accepted by said secretary. No adjustment of the defendant's liabilities to the company was then had, nor was any payment whatever then made.

During the time that such policy was so outstanding several losses occurred for which the company became liable to pay, and an assessment was made upon its members for the same. The defendant was included in such assessment upon the ground that, because he held the company's policy at the time the losses occurred, he was a member of the company and liable to assessment thereon. The defendant refusing to pay the same, this action was brought in a Justice's Court to recover the amount thereof. The justice dismissed the plaintiff's complaint. The County Court on appeal affirmed such judgment, and from that judgment of affirmance this appeal is taken.

The defense urged before the justice that the plaintiff was without authority to do business in the county of Warren, and hence that the alleged contract of insurance with the defendant was invalid, seems to have been well taken.

The plaintiff first attempted to organize an insurance company to do business in the county of Saratoga, under the provisions of section 261 of the Insurance Law (Laws of 1892, chap. 690, as amd. by Laws of 1896, chap. 844). Under such an organization it could not lawfully insure the property of a person residing in Warren county. It is expressly forbidden to do so by the provisions of section 271 of the same law (as amd. by Laws of 1894, chap. 609).

Upon the trial it did not very satisfactorily establish its organization and right to do business in Saratoga county, even.

The papers which it filed in the Secretary of State's office and in the clerk's office of Saratoga county, for the purpose of meeting the requirements of section 263 of the act, are defective in that they nowhere show "the amount of proposed insurance to each" incorporator, nor the "mode in which its business is to be conducted." Nor has the plaintiff made any proof that "*bona fide* agreements have been entered into for the insurance of property of an amount not less than one hundred thousand dollars," as is required by section 264, before it shall be authorized to commence any business. But concede that it has established the right to do business in that county, the defendant is a resident of Warren county, and all his insured property was therein; and it seems quite clear that no such proceedings have been taken as are required by the statute to authorize it to extend its business into that county. The right to extend its business into Warren county was regulated by section 278 of the Insurance Law (as amd. by Laws of 1896, chap. 907). Under that section it must, among other things, have filed in the clerk's office of Warren county a "certified copy of the certificate *and statement*" which it had filed in the Secretary of State's office under the provisions of section 263. No proof that it has ever done so was made, and under the issue framed by the pleadings in this action it was incumbent upon the plaintiff to make that proof.

It is claimed by the plaintiff that such proof would have been made had the justice admitted its Exhibit 4 in evidence. But an inspection of such exhibit, as returned in the record, shows that the paper which it claims was filed in Warren county did not contain all that the plaintiff was required to file in the Secretary of State's office by the provisions of section 263. Concede that it filed its Exhibit 4 in the Warren county clerk's office, yet it fell short of what sections 263 and 278 (as amd. by Laws of 1896, chap. 907) required. For instance, none of its by-laws, which are a part of the "statement" required by section 263, and which were filed in the Secretary of State's office, were filed in Warren county. And more than all, the statute required that "a duly certified copy of the certificate and *statement* filed in the office of the Secretary of State," etc., should be filed in Warren county. The Exhibit 4

shows that the paper filed in Warren county was not certified by the Secretary of State, or by the county clerk of Saratoga county, or by any subordinate officer of either office. It was certified by a notary public, which, of course, was no such certificate as the statute intended. Hence such exhibit would not have proved that which the plaintiff claimed for it, and it was properly excluded by the justice. Upon the record it is apparent that the plaintiff's effort to extend its territorial limits into Warren county was a failure. The proceedings required by the statute were never complied with, and hence its contract with the defendant was a direct violation of the prohibition contained in section 271 (as amd. by Laws of 1894, chap. 609).

It is further urged by the plaintiff that the defendant is estopped from claiming that it had no authority to make the contract in question, because he himself entered into it with the plaintiff. I do not discover any of the elements of an estoppel here. As stated above, it was a contract which the plaintiff was, by section 271 (as amd. by Laws of 1894, chap. 609), prohibited from making, and it was, therefore, utterly void. Within the following cases the plaintiff is in no situation to enforce it. (*New York State Loan & Trust Co.* v. *Helmer*, 77 N. Y. 64; *Bath Gas Light Co.* v. *Claffy*, 151 id. 24.) "Contracts * * * made in the exercise of a power expressly denied are, of course, void, and the courts will not aid either party to them." (*Washington Life Ins. Co.* v. *Clason*, 162 N. Y. 305, 310.)

There is no equity in favor of the plaintiff. It assumed to insure property that it was expressly forbidden to insure, but it has never parted with anything of value by so doing. The defendant has received no benefit therefrom which he should be required to restore, or for which he should, in equity, be required to pay. I conclude that the plaintiff has failed to establish any obligation on the defendant's part to pay the assessment sued for, and that hence the judgment of the justice and of the County Court should be affirmed.

All concurred.

Judgment affirmed, with costs.