### ZINNA v. SAVERIA FRISCIA SOC.

#### (Supreme Court, Appellate Term. May 19, 1904.)

1. BENEFICIAL ASSOCIATIONS—BY-LAWS—AMENDMENTS—VALIDITY.
   A member of a beneficial society, who by his contract with the society, as contained in its by-laws, is entitled to receive a certain sum on becoming disabled, cannot be deprived of the benefits of such contract by an amendment of the by-laws made without his consent.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Guisseppe Zinna against the Saveria Friscia Society. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

John J. Freschi, for appellant.
Barra & Gucco, for respondent.

SCOTT, J. The by-laws of the defendant society, in force when plaintiff became a member, constituted the contract between the parties. These by-laws are by their own terms subject to amendment; but, to be valid, as against members not assenting thereto, such amendments must be reasonable, and not destructive of contract rights. Parish v.

¶ 1. See Beneficial Associations, vol. 6, Cent. Dig. §§ 42, 43, 48.

N. Y. Produce Exchange, 169 N. Y. 34, 61 N. E. 977, 56 L. R. A. 149; Weber v. Supreme Tent of K. of M., 172 N. Y. 490, 65 N. E. 258, 92 Am. St. Rep. 753. Among the purposes of the defendant society, as declared in its charter, is the care of its members when sick or in distress, and a prominent feature of its constitution is the provision for the payment of sick benefits to disabled members. Each member is to contribute a stated sum per month to the common fund, and every member, upon becoming disabled, is to receive, out of this common fund, contributed to by himself as well as his fellows, a certain sum by way of indemnity. The decisions in this state are unanimous that a member of a society holding such a contract with the society and his fellow members cannot be deprived of the benefits of his contract by an amendment of the by-laws unless it is made to appear that he assented to the amendment. It does not so appear in the present case. It makes no difference, in principle, that the evidence of plaintiff's contract with defendant is found in the by-laws, instead of a policy or certificate of membership. By inadvertence the justice awarded plaintiff a judgment for $28, the amount demanded in the complaint, instead of for $27, the amount stipulated for in the agreed statement of facts.

The judgment must therefore be reduced to $27, and, as so reduced, affirmed, with costs. All concur.