EDWARD A. FARRELL, Respondent, *v.* NATIONAL CIVIL SERVICE ENDOWMENT ASSOCIATION, Appellant.

Second Department, December 16, 1921.

Corporations — membership corporations — plaintiff, civilian employee of city of New York, accepted as member of defendant, civil service endowment association, in violation of Insurance Law — policy issued to plaintiff void — promise to pay plaintiff benefit on being expelled unenforcible — plaintiff may recover amount paid to defendant.

The plaintiff, with other civilian employees of the city of New York, was accepted as a member ·of the defendant, a civil service endowment association, organized under the Membership Corporations Law, in violation of the Insurance Law. After receiving notice from the Superintendent of Insurance that proceedings would be instituted to revoke its charter unless it eliminated its civilian members, the defendant expelled the civilian employees, but provided for the payment to them of the same benefits that would be payable in the event of death, or upon retirement or dismissal.

*Held*, that the policy issued to the plaintiff was void from its inception as the defendant had not complied with the provisions of sections 234 and 235 of the Insurance Law.

There was no consideration for the promise of the defendant to pay the plaintiff certain benefits on his expulsion from the defendant and he cannot recover the amount thereof.

Furthermore, the supreme council of the defendant, as trustee and custodian of the property and funds of the defendant, was without authority to divert the funds to any other than a legal purpose; it was without authority to extend gratuities in the manner sought.

The plaintiff was entitled, however, to recover the amount that he had paid to the defendant, for the reason that he had received no consideration therefor.

APPEAL by the defendant, National Civil Service Endowment Association, from an order and determination of the Appellate Term of the Supreme Court, Second Department, entered in the office of the clerk of said court on the 1st day of July, 1921, reversing a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, First District, in favor of the defendant.

*Edwin C. Morsch,* for the appellant.

*James E. Smyth,* for the respondent.

RICH, J.:

The defendant, incorporated under the Membership Corporations Law at the time of respondent's reception as a member in 1914, embraced civilian employees of the city of New York, together with policemen and firemen. The civilian employees were accepted as members in violation of the provisions of the Insurance Law, in that they were not restricted to those engaged in hazardous occupations, and the Superintendent of Insurance notified the defendant that unless it eliminated its civilian members, proceedings would be instituted to revoke its charter. The defendant might have complied with the statute and retained its civilian members, but it saw fit instead to expel them. Accordingly, a resolution was adopted, which had the effect of expelling all of the civilian members, including the plaintiff. The resolution provided among other things, " the members so eliminated to receive the benefits as provided by sections 2 and 4 of Article II of the By-laws now in force, and we hereby empower the officers of the Supreme Council to draw checks for these benefits." The benefits referred to under defendant's constitution were only payable in the event of death, or upon retirement or dismissal from their positions, but under the resolution, if valid, plaintiff would have been entitled to receive the sum of $400.

The Municipal Court has held that the original contract between plaintiff and defendant was void from its inception, but that plaintiff was entitled to the sum deposited with the clerk of the court, representing sums paid by plaintiff to

defendant, on the theory that plaintiff has a cause of action for moneys had and received to the amount of the tender. The Appellate Term reversed the judgment of the Municipal Court and directed judgment for the plaintiff for the full amount claimed, on the ground that the action is upon the promise contained in the resolution and not upon the contract of insurance.

The defendant failed to comply with the provisions of sections 234 and 235 of the Insurance Law (as added by Laws of 1911, chap. 198), and the policy it issued to the plaintiff was void from its inception (*Patrons of Industry Fire Ins. Co.* v. *Plum,* 84 App. Div. 96, 97), and the defendant was never legally liable thereon. It undertook, however, for reasons of its own, and because of the fear induced by the ultimatum of the Insurance Department, to expel the plaintiff from membership, and promise to pay him a benefit amounting to $400. It is upon this promise that the Appellate Term has held the defendant liable, but the difficulty is that there was no consideration for the promise and it was consequently unenforcible, and the order must, therefore, be reversed.

There is another reason why the order of the learned Appellate Term must be reversed. The supreme council, as trustee and custodian of the property and funds of the defendant, was without authority to divert the funds to any other than a legal purpose. It was without authority to extend gratuities in the manner sought. (*Parish* v. *New York Produce Exchange,* 169 N. Y. 34.) It did have authority, however, to offer to repay to the plaintiff the money he had paid to the defendant, for the reason that plaintiff had received no consideration therefor.

It follows that the order of the Appellate Term must be reversed, and the judgment of the Municipal Court reinstated, without costs to either party.

Present — BLACKMAR, P. J., MILLS, RICH, PUTNAM and KELLY, JJ.

Order of the Appellate Term reversed, and judgment of the Municipal Court unanimously reinstated, without costs to either party.