For the reasons above assigned, the judgment of conviction should be reversed and a new trial ordered.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Judgment reversed and new trial ordered. Settle order on notice.

---

In the Matter of the Application of EDWARD A. FARRELL, Respondent, for an Order Directing the NATIONAL CIVIL SERVICE ENDOWMENT ASSOCIATION, Appellant, to Reinstate Him as a Member.

First Department, June 16, 1922.

Corporations — membership corporations — member after expulsion sued for and recovered money paid in — such suit constituted election of remedies — reinstatement denied.

Where a member of a membership corporation was expelled by the corporation after it had received notice from the Superintendent of Insurance that unless it eliminated a class of members of which he was one, the charter would be revoked, and said member thereafter sued the corporation and recovered moneys that he had paid to the defendant, which recovery was allowed on the ground that he had received no consideration therefor, he has elected his remedy, and cannot thereafter seek to be reinstated as a member of the corporation.

APPEAL by the National Civil Service Endowment Association from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on or about the 30th day of March, 1922, directing the appellant to reinstate the respondent as a member of said association.

*Edwin C. Morsch,* for the appellant.

*Richards, Smyth & Conway [James E. Smyth* of counsel], for the respondent.

PAGE, J.:

The appellant was incorporated under the Membership Corporations Law and was organized and to be conducted by the civil service employees only. Any civil service employee, whether employed by the National, State or municipal government was eligible for membership. It provided for benefits to be paid upon the death of a member, or upon retirement or dismissal from his or her position, or upon completing twenty years' membership in the association, according to a schedule. A fund was established consisting of twenty-five per cent of all dues and interest on deposits, to be maintained for the purpose of paying such benefits. The respondent became a member August 1, 1914. Besides the civilian members there were a large number of firemen and policemen who were members of the association. The civilian members were accepted in violation of the provisions of the Insurance Law (Art. 7, added by Laws of 1911, chap. 198, as amd.) in that such an association was restricted to membership of those engaged in hazardous occupations, and the Superintendent of Insurance notified the respondent that unless it eliminated its civilian members proceedings would be instituted to revoke its charter. The appellant might have complied with the Insurance Law by reincorporating thereunder and complying with the requirements of said law, but it elected instead to expel the civilian members, and the supreme council passed a resolution allowing them, on their withdrawing from the association, the benefits that they would have received had they died or retired or been dismissed from their position. The respondent notified the association that he would accept the benefit as provided in said resolution. The supreme council rescinded its prior resolution in so far as it related to benefits and refused to pay to the respondent the sum of $400, the amount of such benefit, and he brought an action in the Municipal Court of the City of New York, borough of Brooklyn, which resulted in a judgment in his favor for the amount of money that he had paid in in the way of assessments and dues which had been deposited in court. An appeal was taken from such judgment to the Appellate Term, Second Department, which reversed the judgment of the Municipal Court and directed judgment for the plaintiff for the

full amount claimed, on the ground that the action was upon the promise contained in the resolution and not on the contract of insurance.

On appeal to the Appellate Division, Second Department (*Farrell* v. *National Civil Service Endowment Assn.*, 199 App. Div. 191) the determination of the Appellate Term was reversed and the judgment of the Municipal Court reinstated, on the ground that the appellant had no authority to divert the funds of the association, and that there was no consideration for the promise inasmuch as the agreement to pay the benefits was void *ab initio*. It did have authority to offer to repay to the plaintiff the moneys that he had paid to the defendant, for the reason that plaintiff had received no consideration therefor.

The respondent thereupon instituted this proceeding to compel the association to reinstate him, and the motion was granted.

The position of the respondent is that he can be reinstated as a member of the association, and if the association does not reincorporate under and comply with the Insurance Law, it will be dissolved, and on the dissolution he would share equally with all other members in the assets of the corporation.

In my opinion the respondent is not in position to compel his reinstatement. He accepted his elimination from the order and brought suit to recover the amount that the association had agreed to pay and recovered all that the association could legally pay. In my opinion he elected his remedy and cannot now seek to be reinstated.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.