Anna Le Wandt Knack, Plaintiff, v. Supreme Council of Royal Arcanum, Defendant.

Supreme Court, Monroe County, April 10, 1928.

Insurance — fraternal benefit insurance — action to recover on benefit certificate issued to plaintiff's husband — certificate provided defendant would pay plaintiff on death of husband sum not exceeding $3,000 upon condition member complied in future with " rules and regulations now governing " defendant and fund " or that may hereafter be enacted " — insured left home in 1917 and inference is that he is dead — local council was notified of insured's disappearance, but it received dues and assessments on insured's account up to May, 1923 — defendant waived right to suspend insurance by accepting dues during period between 1917 and 1923 — by-law adopted after issuance of certificate, cutting down amount agreed to be paid, invalid — plaintiff is entitled to recover full amount recited in certificate.

This is an action to recover upon a benefit certificate issued to plaintiff's husband under which defendant agreed to pay plaintiff, upon the death of her husband, a sum not exceeding $3,000 on condition that her husband complied in the future with the " rules and regulations now governing " defendant and fund " or that may hereafter be enacted." The insured left his home in 1917 and despite diligent inquiry as to whether he is living or is dead, nothing has been heard concerning him, so that the evidence is sufficient to draw the inference that he is dead. Defendant's local council, to which the dues and assessments

were being paid, was notified of the insured's disappearance one month after he left home, but it continued to accept dues and assessments on the missing man's account up to May, 1923.

The acceptance of the dues and assessments during the period from 1917 to 1923 constituted a waiver of the right to suspend the insured and an election to keep him in good standing.

The enactment of a by-law by the defendant, after the issuance of the certificate, which cut down the amount recited in said certificate, was invalid, and plaintiff is, therefore, entitled to recover the full amount recited in the certificate.

ACTION to recover upon a benefit certificate issued by the defendant, tried before the court without a jury.

*John B. Abbott* [*Harold G. Hutchens* of counsel], for the plaintiff.

*Willis W. Byam* [*James T. Cross* of counsel], for the defendant.

CUNNINGHAM, J.   This action is brought by the plaintiff to recover upon a benefit certificate issued to Henry N. Knack on the 9th day of December, 1910.   In this certificate the defendant promises to pay to the plaintiff, the wife of Henry N. Knack, upon his death, a sum not exceeding $3,000 " upon condition that the said member [Henry N. Knack] complies in the future with the laws, rules and regulations now governing the said council and fund, or that may hereafter be enacted."

The insured, Henry N. Knack, left his home on the 11th day of October, 1917, and has not been heard from or of since that time by the members of his family.   Diligent inquiry has been made as to whether he is living or dead.   The facts and circumstances indicate that he would have been heard of by his relatives or would have communicated with them if he had been alive.   The evidence is sufficient to draw therefrom the inference that he is dead and to warrant a finding to that effect.   (*Butler* v. *Mutual Life Ins. Co.*, 225 N. Y. 197.)

The by-laws of defendant until July 1, 1923, provided " that an officer or member of a council who has knowledge that a member has disappeared shall at once inform the council thereof " and that thereupon report of such disappearance shall be given to the supreme secretary and the latter is then required to send a notice to such member at his address or residence.   It is further provided that if such member shall not, within six months, appear in council or deliver his address to the supreme secretary, then he shall stand suspended and thereafter no assessments or dues shall be received from him or on his account.   The collector of the council of which Knack was a member was notified of his disappearance within one month thereafter but he continued to receive dues and assessments on his account up to May, 1923.   On May 10, 1922, a notice in conformity with the by-laws was sent to the

former residence of Mr. Knack but nothing further was done under this, and on November eighth another notice was sent to the same address.    Thereafter the supreme secretary was notified by the local council that Henry N. Knack " stood suspended on the 8th day of May, 1923."

It was the duty of the collector of the local council, upon receiving information of the disappearance of a member, to immediately notify his council thereof so that the supreme secretary might be informed of such disappearance.    The failure to suspend Mr. Knack for such a length of time after knowledge of his disappearance, and the acceptance of dues up to May, 1923, constitute a waiver of the right to suspend him and an election to keep him in good standing.    (Steuernagel v. Supreme Council of Royal Arcanum, 234 N. Y. 251.)

The by-law permitting the suspension of a member in case of his disappearance was numbered section 400.    Section 401 stated that a member suspended under the previous section might be reinstated upon compliance with certain conditions.    Section 402 provided that in case of such reinstatement medical examination might be dispensed with.    On July 1, 1923, sections 400, 401 and 402 were repealed and in place thereof was adopted a by-law numbered section 400 prescribing the amount to be paid in disappearance cases.    The provisions granting to the defendant the power to suspend a member for disappearance and giving to the member the right to be reinstated were not re-enacted.    The new by-law was effective before the insured had been absent seven years and prior to the time of his presumed death.    The repeal of the by-law specifying the action to be taken in case of the disappearance of a member was an abandonment by the defendant of all proceedings previously had thereunder in connection with the suspension of the insured.

In 1916 the by-laws were amended so as to read " that the long continued absence of a member    *    *    *    shall not create a presumption of death " and that the beneficiary shall not be entitled to any portion of the benefit fund " without further proof of actual death."

In 1923 this by-law was repealed and in place thereof it was provided " that where death is established by legal presumption the amount payable to his beneficiary shall be limited to the amount paid by the member " into the funds of the society.

The amendment of 1916 had been repealed and the amendment of 1923 was in force at the time of the presumed death of the insured, so if either were to apply in this case it would be the latter.    It must, therefore, be determined whether a by-law is valid, which

is adopted after the issuance of a benefit certificate and which attempts to cut down the amount therein agreed to be paid.

The defendant is a Massachusetts corporation; it, therefore, becomes necessary to inquire whether the decisions of the courts of that State must be followed in determining the validity of that by-law.

In *Royal Arcanum* v. *Green* (237 U. S. 531) the question arose as to whether the Supreme Council of the Royal Arcanum had the right, after the issuance of a benefit certificate, to amend its by-laws so as to provide that a member to whom such certificate had been issued should pay increased assessments and dues. The Court of Appeals of this State decided that such amendment was invalid. (*Green* v. *Royal Arcanum*, 206 N. Y. 591.) The judgment of the State court was reversed by the Supreme Court of the United States upon the grounds that the Supreme Court of Massachusetts had decided that such amendment was valid and that the full faith and credit clause of the Constitution of the United States required that the rights of the parties should be determined by the Massachusetts law. The court in its opinion said: " Moreover, as the charter was a Massachusetts charter and the constitution and by-laws were a part thereof, adopted in Massachusetts, having no other sanction than the laws of that State, it follows by the same token that those laws were integrally and necessarily the criterion to be resorted to for the purpose of ascertaining the significance of the constitution and by-laws. * * * Coming then to give full faith and credit to the Massachusetts charter of the corporation and to the laws of that State to determine the powers of the corporation and the rights and duties of its members, there is no room for doubt that the amendment to the by-laws was valid if we accept, as we do, the significance of the charter and of the Massachusetts law applicable to it as announced by the Supreme Judicial Court of Massachusetts in the *Reynolds Case.*"*

The Court of Appeals of this State has made a like ruling upon the law applicable to fraternal organizations incorporated in another country. (*McClement* v. *Order of Foresters*, 222 N. Y. 470.)

I am of the opinion, therefore, that the decisions of the Massachusetts courts bearing upon the validity of this by-law are controlling in this case.

In *Newhall* v. *American Legion of Honor* (181 Mass. 111), in an opinion written by Chief Justice HOLMES, now associate justice of the United States Supreme Court, it appeared that a certificate was issued promising to pay the beneficiary $5,000, upon full compliance of the member with all the by-laws now existing or

*Reynolds* v. *Royal Arcanum* (192 Mass. 150). — [REP.

hereafter adopted. The defendant, after issuing the certificate, amended its by-laws so as to provide that $2,000 was the highest amount which might be paid upon any benefit certificate. The court in its opinion said: " Whatever compliance with by-laws may be construed to mean    *    *    *    it does not extend to permitting a direct deduction from the sum which, on the face of the certificate, any ordinary man would be led to suppose secure.    *    *    *    It follows from what we have said that the attempt to cut down the amount to be paid by the defendant under its contract must fail."

That decision was followed in *Morse* v. *Fraternal Accident Assn.* (190 Mass. 417) and approved in *Reynolds* v. *Royal Arcanum* (192 id. 150) and *Delaney* v. *Ancient Order of United Workmen* (244 id. 556, 565).

The courts of our State are in accord with those of Massachusetts upon this point. (*Langan* v. *Supreme Council Amer. Legion of Honor*, 174 N. Y. 266; *Wright* v. *Knights of Maccabees*, 196 id. 391.)

The plaintiff is entitled to recover the full amount which the defendant in its benefit certificate agreed to pay.

Findings may be submitted in accordance herewith.