HYMAN RAPPEPORT, Plaintiff, *v.* ERSTER BROOKLYNER BRUDER-LICHER KRANKEN UNTERSTUTZUNGS VEREIN, Defendant.

Municipal Court of New York, Borough of Brooklyn, Fourth District, November 25, 1933.

*Jacob L. Sirota*, for the plaintiff.

*Charles Siegel*, for the defendant.

SWEEDLER, J. Plaintiff moves for summary judgment. The undisputed facts giving rise to his cause of action are as follows: Defendant is an incorporated fraternal benefit organization, of which the plaintiff has been a member in good standing since the year 1899. At the time of his admission, article X, section 3, of the defendant's constitution provided that " in case of the death of a member, his widow will receive $400.00. In case of the death of a wife of the member, the member shall receive $200.00." In accordance with this provision, plaintiff received the stipulated benefit upon the death of his first wife. Thereafter, plaintiff remarried. Article XXII of defendant's constitution provides that, " If after the death of his first wife, a member remarries, he must provide a health certificate made out by the Verein physician, and pay the Verein a fee of $10.00 after which he will again be recognized as a married member." Plaintiff complied with this requirement in July, 1923, and was accordingly recognized as a married member. Subsequently, on September 30, 1930, defendant amended article X, section 3, to read as follows: " In case of the death of a member, his widow will receive $400.00. In case of the death of the *first* wife of a member, the member shall receive $200.00. The member shall receive no benefit upon the death of his wife, other than the first wife, except as provided herein." Both the certificate of incorporation and the constitution are silent as to the making of amendments. They make no provision whatever as to the effect a future amendment shall have on the rights of existing members. Plaintiff did not consent to the amendment, and upon the death of his second wife, which was in January, 1933, he

demanded the benefit provided for by the constitution as it existed prior to the change. Defendant has refused to comply with plaintiff's request upon the sole ground that the amendment is binding upon the plaintiff, and, therefore, precludes him from again collecting the $200 benefit.

There is no doubt that, if the constitution had remained unchanged, the plaintiff would be entitled to recover (*Talbot* v. *Tipperary, etc., Benevolent Assn.*, 23 Misc. 486). As was said in the case cited: " It is shown here that in the early years of the plaintiff's membership his wife died, and the association paid him the regular benefit, and that the wife on account of whose death he now claims was a second wife. The point is made that, having paid a benefit for the death of the first wife, there is no obligation to pay on account of the death of a second wife. I do not think that objection is good. There is no reason why a member in good standing should not have the benefit on the death of a second wife as much as on the death of the first."

The sole question, therefore, is whether the amendment, which was adopted *after* plaintiff became a duly qualified married member, and to which he did not consent, can deprive him of the benefit he would have been entitled to if the amendment had not been passed.

It is worthy of note that a mutual benefit association is not a charitable organization in the legal sense of that term. (*Supreme Lodge* v. *Raymond*, 57 Kan. 647; 47 Pac. 533.) The receipt of benefits is dependent upon the payment of dues and assessments required by the laws of the organization. In a certain sense members get what is paid for. At the same time, such societies do perform a benevolent and beneficial function. Their purpose is not to make profits, but to provide what is often called " poor man's insurance." It is, therefore, highly desirable to foster their preservation. But this cannot be done at the expense of the vested contract rights of the members of such associations. As is stated in *Funk* v. *Stevens* (102 Neb. 681; 169 N. W. 6): " If there is any one obligation of the society more binding upon it * * * than another, it is the promise made in the statement of the objects of the order to pay * * * $2,000 upon his death. In morals and in law that promise must, if possible, be kept."

In the case at bar the contract between the parties was determined by the constitution as it existed when plaintiff became a recognized married member of the defendant organization. (*Everett* v. *Supreme Council, Catholic Benevolent Legion*, 236 N. Y. 62; *McClement* v. *Supreme Court, Order of Foresters*, 222 id. 470; *Beach* v. *Knights of Maccabees*, 177 id. 100; *Zinna* v. *Saveria Friscia*

*Soc.*, 88 N. Y. Supp. 404.) At that time it provided for a $200 benefit in case of the death of the plaintiff's wife, regardless of whether she was the first or second. That obligation was absolute. There was no reservation of a right to amend. Nor was there any promise on the part of the plaintiff, express or implied, to abide by any future amendments. Under such circumstances, plaintiff's right to the benefit became vested, and could not be impaired by subsequent changes without his consent. (*Langan* v. *Supreme Council, etc.*, 174 N. Y. 266, and cases *supra*.)

No consent was here given. Although by becoming a member of the organization, plaintiff impliedly promised to abide by its laws, such promise has reference solely to the laws then in existence, and does not include those subsequently passed which affect the vital parts of the contract of membership (*Dowdall* v. *Supreme Council, Catholic Mut. Benefit Assn.*, 196 N. Y. 405; *Rockwell* v. *Knights Templars, etc.*, 134 App. Div. 736), unless the right to amend has been expressly reserved.

Defendant urges that the power to amend need not be expressly conferred; that an incorporated association possesses such power as an attribute essential to its existence and well-being. While it is true that the defendant might enact such amendments as it deems fit for governing the *future* conduct of the association, nevertheless, in order for them to have a retroactive effect, the right to amend must have been expressly reserved, or the member must have agreed to comply with the laws then in force as well as those thereafter to be adopted. The decisions in this State stress this point with emphatic unanimity. (*Wright* v. *Knights of Maccabees*, 196 N. Y. 391.) (See, also, cases cited *supra*.)

Even where an express reservation of power to amend has been made, the consent that a member thereby gives to be bound by present as well as future enactments is subject to the implied condition that the amendments be reasonable. As is stated by the Court of Appeals in *Everett* v. *Supreme Council, etc.* (*supra*, at p. 68): " Where the reservation of authority to amend &ast; &ast; &ast; the constitution and by-laws of a society is clear, the right to have &ast; &ast; &ast; the amount of benefit continued as originally provided is not vested or fixed beyond the possibility of *reasonable* changes to meet new conditions." Clearly, a society cannot avail itself of its reserved power of amendment as a means of repudiating its just obligations, or thereby so alter the terms of its contracts of membership as practically to destroy their value. To hold the plaintiff bound by the amendment in the instant case would produce that very result. In *Newhall* v. *American Legion of Honor* (181 Mass. 111) a certificate was issued promising to pay the beneficiary

$5,000, upon full compliance of the member with all the by-laws " now existing or hereafter adopted." The defendant, after issuing the certificate, amended its by-laws so as to provide that $2,000 was the highest amount which might be paid. The court, in an opinion written by Justice HOLMES, held that " Whatever compliance with by-laws may be construed to mean  *  *  *  it does not extend to permitting a direct deduction from the sum which, on the face of the certificate, any ordinary man would be led to suppose secure. With reference to him the by-law is a plain abuse." That decision was cited with approval and followed in *Knack* v. *Supreme Council of Royal Arcanum* (131 Misc. 842).

It follows from what has been said that the attempt to deprive the plaintiff of the benefit, to which he is entitled under the original constitution, must fail. The amendment can have effect only in *futuro;* it cannot operate retroactively.

Plaintiff's motion for summary judgment granted. Settle order on notice.