JAMES J. DALY et al., Appellants, *v.* NATIONAL CIVIL SERVICE ENDOWMENT ASSOCIATION, INCORPORATED, Respondent.

Supreme Court, Appellate Term, Second Department, May 25, 1943.

164

*Harry Silver* and *Allen R. Taft* for appellants.
*George H. Boyce* for respondent.

MEMORANDUM *Per Curiam.* Judgment and order unanimously reversed on the law, with ten dollars costs to plaintiffs, and motion for summary judgment denied. *Farrell* v. *National Civil Service Endowment Assn.* (199 App. Div. 191) simply determined that without license the defendant could not legally bind itself to pay benefits to persons not engaged in a hazardous occupation. Nothing there decided justifies a conclusion that the certificates of membership issued by defendant contain the whole contract of defendant with the holders of such certificates. Of necessity the certificates are but part of the contract. The contract embraces not only the certificates but the constitution and by-laws existing at the time of the issuance of the certificates and any duly adopted thereafter. (*Matter of Haebler* v. *New York Produce Exchange,* 149 N. Y. 414, 427; *Belton* v. *Hatch,* 109 N. Y. 593, 596; *Rappeport* v. *Erster Brooklyner Bruderlicher Kranken Unterstutzungs Verein,* 149 Misc. 586, affd. without opinion, Appellate Term, Second Dept., N. Y. L. J. March 27, 1934, p. 1466.) The by-laws of 1937 specifically state they are binding on all members and '' shall form part of the application for membership ''. Assuming that the defendant could not originally bind itself to pay these plaintiffs and anything in a certificate relating to the payment was unenforcible at that time, the entire certificate was not a nullity. It was still a certificate of membership to which, impliedly, the parties had agreed there would be added lawfully adopted by-laws. When the by-laws of 1937 and 1938 were adopted, nothing in addition to the due adoption was needed to make them part of the contract and certificate of membership. The motion for summary judgment should not therefore have been granted on the ground that the certificates were illegally issued by defendant. Neither could the motion succeed on the ground that the action was premature. The by-laws do not specifically make the levying of an assessment a condition precedent to the payment of claims. The affidavit in opposition states that all of the alleged 332 prior claims have been paid. The moving papers seem to indicate that is not so and that four assessments are now being levied to pay those claimants. A question of fact is thereby created. While defendant cannot be compelled to pay more than four claimants each month and prior action would not prevent the board of directors from now determining that four claims per month are all that should be paid, it cannot be said, as a matter of law, that the four assessments are applicable to the payment of prior claimants. No opinion.

MACCRATE, SMITH and STEINBRINK, JJ., concur.